CITY OF GRAND FORKS,
Plaintiff and Appellee,

v.

Michael CAMERON, Defendant
and Appellant.

CITY OF GRAND FORKS,
Plaintiff and Appellee,

v.

Tom Joseph KRILE, Defendant
and Appellant.

Cr. Nos. 880040, 880043.

Supreme Court of North Dakota.

Feb. 10, 1989.

---

Dwight F. Kalash (argued), Asst. City Atty., Grand Forks, for plaintiff and appellee.

Howe & Seaworth, Grand Forks, for defendants and appellants; argued by Henry H. Howe.

LEVINE, Justice.

Tom Joseph Krile and Michael Cameron appeal from judgments of conviction entered upon jury verdicts finding them guilty of obstructing public officers in the discharge of their duties. We reverse Krile's conviction and affirm Cameron's conviction.

In the early morning hours of July 4, 1987, several police officers dispersed the participants at a party at a home in Grand Forks. Krile and Cameron were arrested and charged with violating § 9–0205 of the Grand Forks City Code:

"Every person who wilfully delays or obstructs a public officer in the discharge or attempt to discharge any duty of his office, shall upon conviction thereof, be punished as herein provided."

Krile and Cameron have raised the following issues on appeal:

"I. THAT GRAND FORKS CITY ORDINANCE, SECTION 9–0205 IS FACIALLY INVALID, UNCONSTITUTIONALLY VAGUE, AND/OR OVERBROAD, IN ACCORDANCE WITH THE CRITERIA SET DOWN IN *City of*

*Houston, Texas, VS. Hill* [482 U.S. 451] 107 S.Ct. 2502, 96 L.Ed.2d 398 [1987].

"II. THAT THE EVIDENCE PRESENTED AT TRIAL, AS TO EACH OF THE DEFENDANTS, IS INSUFFICIENT TO SUPPORT THE CONVICTIONS OF THE DEFENDANTS.

"III. THAT THE TRIAL COURT ERRED IN FAILING TO GRANT THE MOTION TO DISMISS THE CHARGES AGAINST THE DEFENDANTS BROUGHT AT THE CLOSE OF THE CITY'S CASE AND RENEWED AT THE CLOSE OF TRIAL.

"IV. THAT THE TRIAL COURT ERRED IN FAILING TO GIVE THE REQUESTED INSTRUCTION TO CLARIFY THE WORD 'REMONSTRATE'.

"V. THAT THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANTS' MOTION FOR MISTRIAL BASED ON THE IMPROPER AND INFLAMMATORY REMARKS DURING CLOSING ARGUMENT BY CITY ATTORNEY AND EFFORTS BY CITY ATTORNEY TO REFER TO EXTRA RECORD MATTER."

### 1. Unconstitutionality

■ Principally relying on *City of Houston v. Hill,* 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987), Cameron and Krile contend that § 9–0205 of the Grand Forks City Code inhibits constitutionally protected speech and is unconstitutional on its face. The facial validity of the ordinance was not raised in the trial court. Generally, issues not raised below, even constitutional issues, will not be addressed on appeal. *State v. Miller,* 388 N.W.2d 522 (N.D.1986). The alleged error does not rise to the level of obvious error, (*State v. Miller, supra*), and we will not address it.

### 2. Sufficiency of the Evidence

Cameron and Krile contend that the evidence was insufficient to sustain their convictions. In challenging the sufficiency of the evidence, the defendant must show that the evidence, when viewed in the light most favorable to the verdict, reveals no reason-able inference of guilt. *State v. Lawenstein,* 346 N.W.2d 292, 293 (N.D.1984).

■ Section 12.1–08–01, N.D.C.C., proscribes physical obstruction of the administration of law or governmental function. *See* 1 *Working Papers of the National Commission on Reform of Federal Criminal Laws* 517, 519 (1972) ("limited to acts of physical interference and interposing a physical obstacle"). Section 12.1–01–05, N.D.C.C., provides that a city ordinance may not supersede an offense defined by state law. *See City of Dickinson v. Mueller,* 261 N.W.2d 787 (N.D.1977) (city ordinance not in conflict with state law did not supersede state law). We have recently observed that "[t]he legislature's intent to have uniformity in criminal law throughout the state is clearly expressed in section 12.1–01–05, N.D.C.C." *City of Bismarck v. Hoopman,* 421 N.W.2d 466, 468 (N.D. 1988). Because the City has not indicated an intention to prohibit in § 9–0205 any conduct other than that prohibited by the state statute, we construe § 9–0205 of the Grand Forks City Code as reaching only physical obstruction, in accordance with § 12.1–08–01, N.D.C.C. *Compare State v. Krawsky,* 426 N.W.2d 875 (Minn.1988), holding that a state statute similar in import to that of § 9–0205 is directed solely at physical acts obstructing or interfering with an officer.

■ From our review of the record, we conclude that the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference that Krile's conduct constituted physical obstruction of a public officer. The officer who arrested Krile testified that Krile was arrested for twice asking why people were being arrested and taken from the house. While some witnesses testified that an officer pushed Krile, the officer who arrested Krile testified that Krile "was just asking questions . . . about why are people being arrested." As a matter of law, Krile's conduct in asking the officer why people were being arrested, without more, did not constitute physical obstruction of a public officer in the discharge of his duty. We therefore reverse Krile's conviction.

From our review of the record, we conclude that the evidence, when viewed in the light most favorable to the verdict, is sufficient to sustain Cameron's conviction. The officer who arrested Cameron testified:

"I was of the opinion that he was obstructing me in the performance of my duties, in that I had asked him several times to leave; felt I had the authority to do that under the ordinance, because I had determined that the party was creating a disturbance; and once I had made that determination, I understand the ordinance to the effect that I have the authority to ask people to leave. I'd asked them to leave several times. He had constantly and consistantly [sic] resisted that verbally. I felt he was creating a situation that was volatile and that in creating that situation, he was obstructing me in the performance of my duty and that duty at that point in time being to break up the party."

Mere verbal remonstrances or disagreements with an officer, standing alone, would not generally be considered an unlawful obstruction or hindrance to the performance of the officer's duty. *E.g., District of Columbia v. Little,* 339 U.S. 1, 70 S.Ct. 468, 94 L.Ed 599 (1950); *State ex rel. Wilmoth v. Gustke,* 373 S.E.2d 484 (W.Va. 1988); *Moccia v. State,* 174 Ga.App. 764, 331 S.E.2d 99 (1985); *Anno., What Constitutes Obstructing or Resisting an Officer, in the Absence of Actual Force,* 44 A.L.R. 3d 1018 (1972). There was evidence, however, that Cameron engaged in conduct other than merely remonstrating or disagreeing with the officer. There was evidence that Cameron refused to leave the party when the officer directed him to leave.[1] There was also evidence that Cameron stepped in front of the officer when the officer was going to enter the house, that Cameron struggled with the officer, and

that Cameron attempted to enter the house after the officer instructed him to leave.

We are unable to conclude, as a matter of law, that Cameron's conduct did not constitute obstruction of a public officer. From the evidence before it, the jury could reasonably infer that Cameron's actions in refusing to leave upon being instructed to do so, stepping in front of the officer, and attempting to enter the house after being instructed to leave, physically obstructed the officer in the performance of his duties.

Because of our reversal of Krile's conviction, our discussion of the remaining issues, while raised by both Cameron and Krile, will be applicable only to Cameron.

### 3. Motion to Dismiss

Cameron argues that the trial court erred in denying his motion for dismissal at the close of the City's case and at the close of the trial because he only engaged in speech. Because there was evidence of physical obstruction to support a conviction, we find no error.

### 4. Failure to Instruct on the Meaning of "Remonstrate"

The trial court instructed the jury that "merely remonstrating with an officer ... does not amount to obstructing or delaying an officer in the performance of his duties." *See State v. Rott,* 380 N.W.2d 325 (N.D.1986), where the jury was similarly instructed. Cameron contends that the trial court erred in not instructing the jury on the meaning of "remonstrating." We disagree.

The trial court told counsel: "If [the jurors] have questions, they can ask. And, I have no hesitation in you noting to the Jury if you have questions concerning instructions, you may inquire of the Judge by a note. That is in my instructions." The

---

1. Counsel conceded that the officers had a right to tell the people at the party to leave. It has been held that one's refusal to leave after being instructed by an officer to do so may constitute obstruction. *See United States v. Trudell,* 563 F.2d 889 (8th Cir.1977); *Logan v. State,* 136 Ga.App. 567, 222 S.E.2d 124 (1975); *Ratliff v. State,* 133 Ga.App. 256, 211 S.E.2d 192 (1974).

We also note that § 9–0202 of the Grand Forks City Code of 1987, which became effective January 1, 1988, provides that when a police officer determines that a gathering of people is creating a noisy disturbance, "[n]o person shall refuse to leave the premises after being ordered by a police officer to do so."

trial court also advised counsel that "I have no objection to his definition or his defining the word to the Jury based upon the dictionary definition that he has provided." The trial court instructed the jury that "[i]f it becomes necessary during your deliberations to communicate with the Court, the foreman will send a note by the bailiff." Defense counsel did not avail himself of the opportunity suggested by the trial court to tell the jury that "if you have questions concerning instructions, you may inquire of the Judge by a note." In his final argument to the jury, however, defense counsel did define "remonstrating" in accordance with his request to the court for an instruction defining the word. The jury did not submit any questions to the trial court. The jurors were told of the meaning of "remonstrating" and we find no reversible error.

### 5. *Motion for Mistrial*

Cameron contends that the trial court erred in denying his motion for a mistrial based on improper remarks by the prosecutor in his closing argument to the jury. In his closing argument, the prosecutor remarked that the jury had "something better to do than this" and also remarked that the police officers had been unreasonably vilified for several months. While the City has conceded that the prosecutor engaged in improper argument, we do not believe that reversal is required.

The trial court sustained an objection to the prosecutor's improper argument and admonished the jury not to consider the remarks. Generally, a jury is presumed to follow a trial court's admonitions. *State v. Janda*, 397 N.W.2d 59, 65 (N.D. 1986). A mistrial should be granted only in the furtherance of justice and a denial will not be reversed unless a manifest injustice appears. *State v. Kaiser*, 417 N.W.2d 376, 379 (N.D.1987). "Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *United States v. Young*, 470 U.S. 1, 11, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1, 10 (1985). On appeal, this court "must consider the probable effect the prosecutor's [inappropriate comments] would have on the jury's ability to judge the evidence fairly." *Id.*, 470 U.S. at 12, 105 S.Ct. at 1044, 84 L.Ed.2d at 10. We do not believe that the prosecutor's inappropriate comments affected the jury's ability to judge the evidence fairly. As in *State v. Carr*, 346 N.W.2d 723, 725–726 (N.D.1984), "[t]he incident was not productive of manifest injustice, and it did not warrant a mistrial."

For the reasons stated, Krile's judgment of conviction is reversed and Cameron's judgment of conviction is affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.