**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Mark PAULSON, Defendant and Appellant.**

**Cr. No. 910122.**

Supreme Court of North Dakota.

Nov. 12, 1991.

Lonnie Olson (argued), States Atty., Devils Lake, for plaintiff and appellee.

Douglas L. Broden (argued), Devils Lake, for defendant and appellant.

GIERKE, Justice.

The defendant, Mark Paulson, appeals from a jury conviction of driving while under the influence of alcoholic beverages in violation of Section 39–08–01(1)(b) N.D.C.C. We affirm.

Shortly after midnight on February 5, 1991 in Ramsey County the following events took place. Paulson was driving his vehicle and met Deputy Craig Dix, who was patrolling in the Starkweather area. Deputy Dix had just pulled into Starkweather and met Paulson at the intersection which turns onto Highway 20. Deputy Dix was acquainted with Paulson and stopped to talk with him on the road. The two men remained seated in their own vehicles and talked for approximately five minutes. Deputy Dix testified that the two men were approximately eight to ten feet apart when they were talking. He did not notice anything unusual about Paulson at this time, except that he talked a little

slower than usual. The two men parted and Paulson headed south on Highway 20. Deputy Dix drove into Starkweather and pulled over to fill out his log book. About ten minutes after Deputy Dix had spoken with Paulson, Deputy Dix headed south on Highway 20. Approximately two and one-half miles south of Starkweather Deputy Dix observed Paulson's vehicle rolled over in the ditch. Due to the frosty road conditions at that time, Deputy Dix drove past Paulson's vehicle, in order to slow down more safely, and then returned to the scene.

At the scene Deputy Dix called for back-up and then discussed with Paulson what had happened. Paulson was not injured. At that time Deputy Dix requested that Paulson perform four field sobriety tests. Paulson missed the letter "o" while reciting the alphabet and missed the number "18" when he counted backwards from 30. When Paulson performed a walk and turn test he stepped off the line twice. Paulson was adequately able to complete the finger dexterity test.

Following these tests, Deputy Dix testified that he believed Paulson was under the influence, but did not arrest him. At approximately 1:35 a.m. Trooper Ralph Rath of the North Dakota Highway Patrol arrived at the scene. Trooper Rath administered a preliminary breath test and then arrested Paulson. Paulson was then taken to the Law Enforcement Center in Devils Lake where he provided a breath sample which indicated a blood alcohol concentration level of 0.15 percent.

Paulson alleges that due to prosecutorial misconduct in closing arguments, he was denied a fair trial under the law. Paulson claims that the following statement made by State's Attorney Olson, deprived him of a fair trial. In closing arguments Olson stated: "In attempt to reduce the holocaust on our highways the implied consent was acted [sic] by our legislature." Paulson's attorney timely objected to this statement at trial. The court sustained the objection and stated that the court would inform the jury as to what the law was.

After closing arguments, Paulson's attorney moved for a mistrial based upon the

statement made by the prosecution. The court admonished the jury and noted the objection on the record. Paulson claims that the denial of this motion should be reversed and the case remanded for a new trial.

First, we acknowledge that trial courts have broad discretion when exercising control over closing arguments. *State v. Schimmel,* 409 N.W.2d 335, 342 (N.D.1987). Our standard of review on this issue is clear. "[M]otions for mistrial . . . are directed to the discretion of the trial court and absent a clear abuse of discretion or a manifest injustice its determination will not be reversed." *State v. Kaiser,* 417 N.W.2d 376, 379. (N.D.1987). "Granting a mistrial is an extreme remedy which should be resorted to only when there is a fundamental defect or occurrence in the proceedings that makes it evident that further proceedings would be productive of manifest injustice." *State v. Schimmel,* 409 N.W.2d at 340 (citing *State v. Carr,* 346 N.W.2d 723, 725 (N.D.1984)).

Paulson contends that the use of the phrase "holocaust on our highways" was calculated to appeal to the jury's sympathy and emotions, and divert their attention from the facts at hand. Paulson claims that this phrase caused the jury to believe that they would be contributing to the horrendous slaughter of innocent people if they did not convict him. It is true that, "[r]emarks by counsel that are made for the purpose of arousing sympathy or prejudice are improper and counsel must refrain from such action." *State v. Kaiser,* 417 N.W.2d at 379. (citations omitted). However, every improper remark does not merit a mistrial.

From the record it is clear that the court took appropriate action. After the remark, the court sustained the defendant's timely objection. Further, the court admonished the jury. It is generally presumed that a jury will follow a trial courts admonition. *State v. Janda,* 397 N.W.2d 59, 65 (N.D.1986). The jury was then instructed on what the law was with respect to the issues in this trial.

"Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *City of Grand Forks v. Cameron,* 435 N.W.2d 700, 704 (N.D.1989) (quoting *United States v. Young,* 470 U.S. 1, 11, 105 S.Ct. 1038, 1044, 84 L.Ed.2d 1, 10 (1985)). When reviewing to determine if the comment or remark was so offensive to prejudice the defendant, we need to consider all of the evidence presented at trial. *See generally City of Grand Forks v. Cameron, supra* at 704. In light of all the evidence we cannot say that this one comment swayed the jury to convict the defendant.

The facts in this case are somewhat similar to those in *City of Grand Forks v. Cameron, supra.* In *Cameron* the prosecutor remarked in closing arguments that the jury had "something better to do than this." *Id.* at 704. Although this remark was an improper argument, the court found that the comment did not affect the jury's ability to judge the evidence fairly. *Id.* The court also found that no manifest injustice occurred. *Id.* We find in this case that the failure to grant a mistrial did not result in a manifest injustice to the defendant Mark Paulson.

The appellant claims that because the evidence in this case is so close, the improper remark by the prosecution was enough to influence the jury to convict. We cannot agree with this assertion. There is sufficient evidence to sustain this conviction. We agree that the prosecutor's remark may have been irrelevant and unwarranted. However, considering all the evidence, we cannot say that the defendant was deprived of a fair trial. The trial court did not abuse its discretion in denying the motion for a mistrial. Therefore, the decision of the county court is affirmed.

VANDE WALLE, Acting C.J., and LEVINE and MESCHKE, JJ., and PEDERSON, Surrogate Judge, concur.

PEDERSON, Surrogate Judge, sitting in place of ERICKSTAD, C.J., disqualified.