2008 ND 212

**STATE of North Dakota, Plaintiff and Appellee**

**v.**

**Scott Al KRUCKENBERG, Defendant and Appellant.**

**No. 20080106.**

Supreme Court of North Dakota.

Nov. 24, 2008.

Lloyd C. Suhr, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Mark T. Blumer, Valley City, ND, for defendant and appellant.

MARING, Justice.

[¶ 1] Scott Al Kruckenberg appeals a criminal judgment entered on a jury verdict finding him guilty of delivery of methamphetamine, third offense. We affirm, concluding the district court's failure to follow proper statutory procedures for answering questions was not obvious error, the State did not commit prosecutorial misconduct by asking a question related to Kruckenberg's arrest, and the State did not commit prosecutorial misconduct in its closing argument.

I

[¶ 2] The State charged Scott Al Kruckenberg with Delivery of Methamphetamine and filed a Notice of Intent to Seek Habitual Offender Finding because it was Kruckenberg's third offense. At a pretrial conference, Kruckenberg objected to the introduction of any evidence that he was fleeing at the time of arrest. The State resisted the objection. The court stated, "I will give it more consideration, but at this point I tend to think I would not admit the evidence...."

[¶ 3] At trial, the State asked the arresting officer if Kruckenberg was easy to take into custody. Kruckenberg objected. The district court sustained the objection. Kruckenberg alleges he heard a brief response from the officer before the objection was made. A response was not noted in the trial transcript.

[¶ 4] After the direct examination of the arresting officer, the court held a conference with the attorneys. The following dialogue ensued:

[Defense]: I was just concerned about the jury before I got out my objection, I heard a brief response from [the arresting officer].

The Court: I'm concerned that anything more I would say about it would simply draw more attention to it, but if you have a proposed instruction I'll consider it. I don't think—at this point I don't think they would draw any particular attention to that so ...

. . .

[Defense]: For the record, just to preserve the record, I would move for a mistrial based upon the prejudiced response from [the arresting officer] [ ], it was an issue dealt with at pretrial[;] the jury heard it.

[State]: Actually, your Honor, I believe you said that you would reserve ruling on the issue and—

The Court: You said you wouldn't be putting it in until rebuttal so that we would have time to consider it and then you asked a correct question on your direct. So it should not have been asked in that form.

[State]: Actually what I was referring to, your Honor, was the recordings of the conversations that we were talking about. Not the statement—not the fact that he fled. I wasn't going to offer any statements that he made during the time that he was in custody.

The Court: If I wasn't clear enough, that was not appropriate. I'm not going to declare a mistrial at this point, but obviously the facts and cir-

cumstances around the arrest are not admissible at this point.

[¶ 5] The State called two more witnesses: the confidential informant and the owner of the residence where the drug transaction took place. The confidential informant testified Kruckenberg gave her methamphetamine from his backpack in exchange for money. The confidential informant stated she handed the methamphetamine to the owner of the residence to split it. She then left the residence. The owner testified he was under the influence of methamphetamine at the time of the transaction and split the methamphetamine for the confidential informant. After the owner's testimony, the State rested its case.

[¶ 6] Kruckenberg offered the testimony of the other two individuals who were at the residence when the confidential informant purchased methamphetamine. The first witness testified that Kruckenberg was giving her a tattoo the entire time the confidential informant was at the residence. She also stated she never saw Kruckenberg deliver methamphetamine to the confidential informant or receive any money. This witness also testified that the owner was "up and down" while the confidential informant was there. Kruckenberg called the other witness, but she exercised her Fifth Amendment right against self-incrimination.

[¶ 7] During Kruckenberg's closing argument, his attorney asserted, "[W]hat the State has to prove, beyond a reasonable doubt, is that Scott Kruckenberg was the one who delivered the methamphetamine to [the] confidential informant." The State then opened its rebuttal, stating, "Glaring omission from the points that [the defense attorney] has made is, what evidence is there that somebody other than the defendant sold those drugs to [the confidential informant]? Not one single item of evidence points to anyone else other than the defendant." The State further argued that "no evidence has been offered, none, that anyone other than the defendant sold the drugs." Kruckenberg did not object to these statements.

[¶ 8] After the jury retired to deliberate, the jury foreperson sent out two questions to the court. The first question was a request to listen to a recording of the controlled buy. The court returned the jury to the courtroom where the jury listened to the recording twice before retiring to the jury room. The second question was: "Can we have [the] transcript of [the owner's] testimony?" Both the prosecutor and defense attorneys met with the court and were on the record. The record does not indicate whether Kruckenberg was present. The district court informed the attorneys about the jury's request and the court's proposed response that: "No transcript has been prepared at this time. You are to rely on your collective recollection of the testimony." The court asked both attorneys if they had any comments about the proposed response. Both attorneys stated they had no comments. The court then inquired if they had any problems with the response. Both attorneys said they did not.

[¶ 9] Seven minutes later, the jury found Kruckenberg guilty. After finding Kruckenberg was a habitual offender, the district court sentenced him to twenty-five years with the North Dakota Department of Corrections. A criminal judgment was entered.

[¶ 10] Kruckenberg appeals, arguing (1) the district court erred in not following statutory procedures for answering jury questions; (2) the State committed prosecutorial misconduct by asking a question that assumed misconduct or consciousness of guilt; and (3) the State committed prosecutorial misconduct in its closing argu-

ment by suggesting the burden of proof shifted.

## II

### Jury Questions

[¶ 11] Kruckenberg contends the district court erred by (1) failing to bring the jury into the courtroom after the jury sent the court a question; and (2) not providing the jury with a transcript of a witness's testimony or reading back a witness's testimony.

### A. Jury's Presence

[¶ 12] Kruckenberg argues the district court erred by not bringing the jury to the courtroom to address its request to have a transcript of a witness's testimony. "A defendant has a right to be present in the courtroom at every stage of the trial." *State v. Fehl–Haber,* 2007 ND 99, ¶ 11, 734 N.W.2d 770; N.D. Const. art. I, § 12. Section 29–22–05, N.D.C.C., governs a district court's procedures for handling jury questions after the jury has retired to deliberate:

> After the jurors have retired for deliberation, if they desire to be informed on a point of law arising in the cause, or to have any testimony about which they are in doubt or disagreement read to them, they, upon their request, must be conducted into the courtroom by the officer who has them in custody. Upon their being brought into the court, the information required must be given in the presence of, or after notice to, the state's attorney and the defendant or his counsel, or after they have been called.

[¶ 13] "Although N.D.C.C. § 29–22–05 specifically refers only to jury questions on a 'point of law' and jury requests to have testimony read, this Court has long construed the statute to require that all communications with the jurors, after a case has been submitted to them, must be

made in open court and in the presence of the defendant." *State v. Parisien,* 2005 ND 152, ¶ 8, 703 N.W.2d 306. When a defendant fails to object to a district court's procedure, we review that procedure for obvious error under N.D.R.Crim.P. 52(b). *State v. Clark,* 2004 ND 85, ¶ 6, 678 N.W.2d 765.

[¶ 14] Kruckenberg concedes he did not object to the district court's procedure when the jury asked to have a transcript of a witness's testimony. Rather, the district court asked the State and Kruckenberg's attorney if they had comments regarding the court's proposed response to the jury that the jurors were to rely on their collective memories, and both attorneys stated they had no comments or objections to that response. Because Kruckenberg did not object, this Court reviews the district court's error for obvious error.

[¶ 15] To establish obvious error, the defendant must show: (1) error; (2) that is plain; and (3) affects substantial rights. *State v. Wegley,* 2008 ND 4, ¶ 14, 744 N.W.2d 284. If the error affects the accused constitutional rights, the prosecution must prove the error was harmless beyond a reasonable doubt. *State v. Faul,* 300 N.W.2d 827, 833 (N.D.1980). "Because of the constitutional underpinnings of the defendant's right to be present, a violation of the right is subject to the harmless error standard for constitutional errors-harmless beyond a reasonable doubt." *Parisien,* 2005 ND 152, ¶ 8, 703 N.W.2d 306 (citations omitted). When determining whether the error was harmless beyond a reasonable doubt, we consider the probable effect of the error in light of all the evidence. *State v. Smuda,* 419 N.W.2d 166, 168 (N.D.1988).

[¶ 16] Kruckenberg argues the jury should have been brought into open court to discuss the question, receive a response

from the court, and allow both attorneys to provide comments to the court's proposed response. Kruckenberg argues he was denied a fair trial because he was facing a mandatory twenty-year sentence and a possible habitual offender finding by the court.

[¶ 17] We agree with Kruckenberg that the district court committed plain error in responding to the jury's question without calling the jury into open court. We do not, however, conclude this affected Kruckenberg's substantial rights, because he was not prejudiced by the error. Even if the district court had called the jury into open court, we are not persuaded the outcome of the trial would have changed. Based on this record, the failure to bring the jury into the courtroom does not raise a reasonable doubt as to Kruckenberg's guilt. Rather, the overwhelming evidence including the audio recording of the controlled buy, the testimony of the confidential informant, and the testimony of the investigating officer supports the verdict. Furthermore, Kruckenberg was not prejudiced merely because he faced a severe prison sentence. Thus, although the district court's failure to bring the jury into open court to respond to the jury's question in the presence of Kruckenberg was error, we conclude that the error was harmless beyond a reasonable doubt.

## B. Testimony

[¶ 18] In oral argument, Kruckenberg raised the issue of whether the district court erred by failing to provide the jury with a transcript of a witness's testimony after the jury requested it during its deliberations. "After a case has been submitted to the jury, N.D.C.C. § 29–22–05 'unequivocally directs the testimony [requested by the jury] be given at the jury's request.'" *State v. Jahner*, 2003 ND 36, ¶ 6, 657 N.W.2d 266 (quoting *State v. Hartsoch*, 329 N.W.2d 367, 372 (N.D.

1983)). Although the district court should have had the testimony read to the jury, Kruckenberg did not present this argument in his appellate brief. Rather, he only argued the district court erred in not bringing the jury into the courtroom after they submitted a question requesting the witness's testimony. "Issues not briefed by an appellant are deemed abandoned." *Murchison v. State*, 1998 ND 96, ¶ 13, 578 N.W.2d 514. As such, we will not address whether Kruckenberg's rights were violated by the district court's error.

## III

## Prosecutorial Misconduct

[¶ 19] Kruckenberg argues the State committed prosecutorial misconduct substantially affecting his right to a fair trial by asking the investigating officer an improper question regarding Kruckenberg's arrest.

[¶ 20] This Court has recognized that prosecutorial misconduct may "'so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process.'" *State v. Thiel*, 411 N.W.2d 66, 71 n. 2 (N.D.1987) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974)). However, we have also recognized that not every assertion of prosecutorial misconduct, followed by an argument the conduct denied the defendant his constitutional right to a fair trial, automatically rises to an error of constitutional dimension. *Id.* "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Greer v. Miller*, 483 U.S. 756, 765, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987). To determine whether a prosecutor's misconduct rises to a level of a due process violation, we decide if the conduct, in the

context of the entire trial, was sufficiently prejudicial to violate a defendant's due process rights. *See Donnelly,* 416 U.S. at 643, 94 S.Ct. 1868. " 'Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding.' " *City of Grand Forks v. Cameron,* 435 N.W.2d 700, 704 (N.D.1989) (quoting *United States v. Young,* 470 U.S. 1, 11, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). We consider the probable effect the prosecutor's improper comment would have on the jury's ability to fairly judge the evidence. *Id.*

[¶ 21] At trial, the State asked the arresting officer if Kruckenberg was easy to take into custody. Kruckenberg objected. The district court sustained the objection. Kruckenberg moved for a mistrial, which the district court denied.

[¶ 22] Kruckenberg asserts the district court had previously ruled the question inadmissible during the pre-trial proceeding. According to Kruckenberg, the question assumed Kruckenberg's misconduct or consciousness of guilt, which substantially affected his right to a fair trial because it instilled in the minds of the jury the idea that there was some information in the State's possession that justified the question.

[¶ 23] We disagree with Kruckenberg's assertion that the district court had made a definitive pre-trial ruling on the admissibility of questions pertaining to Kruckenberg's arrest. The record reveals that, during the pre-trial conference, the district court specifically stated it would give the issue more consideration, but would likely not admit the evidence. Immediately after the State asked the question, Kruckenberg objected. Although Kruckenberg alleges he heard a brief response from the witness, the record does not indicate a response from the witness. The district

court immediately sustained the objection. The court ruled the question was improper and indicated it would consider a proposed curative jury instruction if requested. Kruckenberg did not request an instruction.

[¶ 24] The district court had instructed the jury: "You must not concern yourselves with the objections or my reasons for rulings, nor should you speculate as to what the answer to a question may have been." We presume that the jury followed the district court's instructions. *State v. Hidanovic,* 2008 ND 66, ¶ 28, 747 N.W.2d 463. The district court took steps to avoid any adverse effect of the State's improper question.

[¶ 25] In the context of the entire trial, and considering the overwhelming evidence presented, the prosecutor's improper question did not affect the jury's ability to fairly judge the evidence and did not violate Kruckenberg's due process rights.

IV

[¶ 26] Kruckenberg contends the State committed prosecutorial misconduct by arguing to the jury, "you have one of two choices, either there was no drug deal because [the confidential informant] saw nothing, or somebody other than the defendant sold the drugs for which no evidence has been provided to you whatsoever" and "[n]o evidence has been offered, none, that anyone other than the defendant sold the drugs." Kruckenberg maintains the State shifted the burden of proof when it made these comments in its rebuttal.

[¶ 27] A district court has discretion to control closing arguments. *State v. Clark,* 2004 ND 85, ¶ 7, 678 N.W.2d 765. We will not reverse a district court's control of closing argument absent a clear abuse of discretion. *Id.* If the

defendant does not object during closing argument, we will not reverse a decision "unless the challenged remarks constitute obvious error affecting a defendant's substantial rights." *State v. Evans,* 1999 ND 70, ¶ 9, 593 N.W.2d 336. "In deciding if there was obvious error, we consider the probable effect of the prosecutor's improper comments on the jury's ability to judge the evidence fairly." *Id.* Kruckenberg concedes he did not object to the State's comments during closing argument. Thus, we review his claims for obvious error. As we noted earlier, to establish obvious error, a defendant must show: (1) error; (2) that is plain; and (3) affects substantial rights. *Wegley,* 2008 ND 4, ¶ 14, 744 N.W.2d 284.

[¶ 28] "[A] defendant may not claim error for arguments that are invited." *Clark,* 2004 ND 85, ¶ 21, 678 N.W.2d 765. "In determining if a prosecutor's invited response unfairly prejudiced the defendant, courts weigh the impact of the prosecutor's remarks and take into account defense counsel's opening salvo." *Id.* "If a prosecutor's remarks were invited and did no more than respond substantially in order to right the scale, those comments do not warrant reversal of a conviction." *Id.*

[¶ 29] After reviewing the record, we conclude Kruckenberg has not established the State's remarks were error. Kruckenberg opened the door to the State's argument by questioning the identity of the person who sold the drugs to the confidential informant. In Kruckenberg's closing argument, he stated, "[W]hat the State has to prove, beyond a reasonable doubt, is that Scott Kruckenberg was the one who delivered the methamphetamine to this confidential informant." The State then argued in its rebuttal that the evidence pointed to no one else and that "no evidence has been offered, none, that anyone other than the defendant sold the drugs." The State's remarks do not warrant a reversal of the conviction because the State's comments were invited and did no more than respond substantially in order to right the scale.

[¶ 30] If we had determined the State's remarks were error, we would still consider whether Kruckenberg was prejudiced by the comments. *See Evans,* 1999 ND 70, ¶ 14, 593 N.W.2d 336 (citations omitted) ("In determining if a prosecutor's improper remarks in jury argument prejudicially affected the defendant's substantial rights, so as to deprive the defendant of a fair trial, a reviewing court considers (1) the cumulative effect of such misconduct; (2) the strength of the properly admitted evidence of [defendant's] guilt; and (3) the curative actions taken by the trial court."). After viewing the context of the entire proceeding, including the overwhelming evidence in the record, the lack of any evidence that indicates the jury concluded the burden shifted, and the district court's instructions to the jury regarding the State's burden of proof and that counsels' arguments were not evidence, we conclude Kruckenberg was not prejudiced by the State's comments.

[¶ 31] We are concerned with a prosecutor commenting on the lack of evidence "offered," because such a phrase might be construed to suggest the defendant had a burden to offer evidence. However, under these circumstances, we conclude the State's comment, if error, did not rise to the level of obvious error.

V

[¶ 32] Finally, in our review of the record, we note that the criminal judgment states Kruckenberg "pled guilty of the crime of Delivery of Methamphetamine a Class A Felony." Kruckenberg was found

guilty by jury trial, and we direct that the judgment be corrected to reflect this fact.

## VI

[¶ 33] We hold the district court's failure to follow proper procedures for answering questions was not obvious error, the State did not commit prosecutorial misconduct by inquiring into the circumstances surrounding Kruckenberg's arrest, and the State did not commit prosecutorial misconduct in its closing argument. We affirm the district court's criminal judgment as corrected.

[¶ 34] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER and DANIEL J. CROTHERS, JJ., and WADE L. WEBB, D.J., concur.

[¶ 35] The Honorable WADE L. WEBB, D.J., sitting in place of SANDSTROM, J., disqualified.