Filed 8/18/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 162

Dennis James Gaede, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20100312

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Steven E. McCullough, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Mark Taylor Blumer, P.O. Box 7340, Fargo, N.D. 58106, for petitioner and appellant.

Birch Peterson Burdick, State’s Attorney, P.O. Box 2806, Fargo, N.D. 58108-

2806, for respondent and appellee.

Gaede v. State

No. 20100312

Kapsner, Justice.

[¶1] Dennis James Gaede appeals from an order denying his application for post-

conviction relief.  We affirm, concluding the district court did not err in rejecting his claims of ineffective assistance of trial and appellate counsel, newly discovered evidence, prosecutorial misconduct, and other alleged defects in his jury trial.

I

[¶2] In 2006 a jury convicted Gaede of murdering Timothy Wicks in Gardner, and the district court sentenced him to life imprisonment without the possibility of parole.  The State’s theory of the case was that Gaede lured Wicks to North Dakota to murder him, and Gaede and his wife, Diana Fruge, who testified against Gaede at trial, disposed of Wicks’s dismembered body in Michigan.  We affirmed Gaede’s conviction in 
State v. Gaede
, 2007 ND 125, ¶ 1, 736 N.W.2d 418.

[¶3] In October 2008, Gaede filed an application for post-conviction relief under N.D.C.C. ch. 29-32.1 raising 23 issues, and an attorney was appointed to represent him.  On the State’s motion, the district court summarily dismissed five of the issues on the basis of misuse of process and res judicata, and ordered an evidentiary hearing to consider the remaining issues.  The court subsequently granted Gaede’s motion to supplement his application to allege ineffective assistance of appellate counsel for failing to raise meritorious issues on direct appeal.  Following an evidentiary hearing, the court rejected Gaede’s remaining allegations and denied his application for post-

conviction relief.

II

[¶4] We need address at length only one issue raised by Gaede in his appeal.  Gaede contends his trial attorney and the prosecutor improperly used biblical references primarily during closing arguments to the jury.  Gaede’s contention is three-fold.  Gaede asserts he was denied effective assistance of counsel because his trial attorney used biblical references, he was denied effective assistance of counsel because his trial attorney failed to object to the prosecutor’s use of biblical references, and he was denied effective assistance of counsel because his appellate attorney on direct appeal failed to argue Gaede did not receive a fair trial based on the prosecutor’s misconduct in using biblical references during closing arguments.

[¶5] A post-conviction relief petitioner claiming ineffective assistance of counsel bears the heavy burden of proving: “‘(1) counsel’s representation fell below an objective standard of reasonableness, and (2) the defendant was prejudiced by counsel’s deficient performance.’”  
Jacob v. State
, 2010 ND 81, ¶ 11, 782 N.W.2d 61 (quoting 
Flanagan v. State
, 2006 ND 76, ¶ 10, 712 N.W.2d 602).  “Although the issue of ineffective assistance of counsel is a mixed question of law and fact that is fully reviewable by this Court, the trial court’s findings of fact in a post-conviction relief proceeding will not be disturbed on appeal unless clearly erroneous under N.D.R.Civ.P. 52(a).”  
Laib v. State
, 2005 ND 187, ¶ 11, 705 N.W.2d 845.  “To determine whether a prosecutor’s misconduct rises to a level of a due process violation, we decide if the conduct, in the context of the entire trial, was sufficiently prejudicial to violate a defendant’s due process rights.”  
State v. Kruckenberg
, 2008 ND 212, ¶ 20, 758 N.W.2d 427.  

[¶6] During the closing arguments, Gaede’s attorney told the jury:

Kind of ironic that those words were used or that analogy was used, because I was sitting at the table thinking about some of the things that I talked to you about in my opening statement.  I talked to you about the fact that this case was about betrayal.  We talked a little bit about Judas and the 30 pieces of silver.  I don’t know if any of you are Bible scholars or if that’s important to you or not, but why was Judas asked to betray Jesus?  Because the powers that be needed the log jam broken.  They needed to solve the problem.

. . . .

Mr. Burdick referenced the fact that [Diana Fruge is] not a saint.  Presumably if she’s not a saint, she’s just like the rest of us, a sinner.  She’s gone up here and painted a terrible picture of Dennis Gaede, a crook, a thief, a liar, a manipulator.  Ask yourself this, why is his sinner to be believed and why is mine to be condemned?

. . . .

You have, when you go into that jury room, an amazing amount of power.  The power you have when you go into that room is almost sacred.  In that room you are in fact God.  All we’re asking you to do is to use the power you have, to use it wisely but to use it pursuant to the instructions of the Court.

 

[¶7] During the State’s rebuttal, the prosecutor told the jury:

Let me try and address a few of the points that Mr. Mottinger has made.  First of all, that issue he brought up of betrayal and Judas, who was the real betrayer?  The real betrayer was that man right there.  He betrayed his friendship with Timothy Wicks or what Timothy Wicks thought was a friendship. . . .  Mr. Mottinger asked why his sins should be held against him and her sins not.  Well, the answer is because his were the greater sins.  He was the one who committed the murder.  

 

[¶8] Like “golden rule” arguments to a jury, 
see, e.g.
, 
State v. Clark
, 2004 ND 85, ¶ 21, 678 N.W.2d 765, arguments referencing biblical text or characters may be considered by courts to be improper.  
See, e.g.
, 
People v. Harrison
, 106 P.3d 895, 921 (Cal. 2005); 
Miles v. United States
, 374 A.2d 278, 283 (D.C. Ct. App. 1977); 
Bonifay v. State
, 680 So. 2d 413, 418 n.10 (Fla. 1996); 
State v. Richardson
, 995 S.W.2d 119, 127 (Tenn. Ct. Crim. App. 1998); Monica K. Miller and Brian H. Bornstein, 
Religious Appeals in Closing Arguments: Impermissible Input or Benign Banter?
, 29 Law & Psychol. Rev. 29, 31-32 (2005); Lis Wiehl, 
Judges and Lawyers Are Not Singing from the Same Hymnal When It Comes to Allowing the Bible in the Courtroom
, 24 Am. J. Trial Advoc. 273, 274 (2000); John H. Blume and Sheri Lynn Johnson, 
Don’t Take His Eye, Don’t Take His Tooth, and Don’t Cast the First Stone: Limiting Religious Arguments in Capital Cases
, 9 Wm. & Mary Bill Rts. J. 61, 74 (2000); Elizabeth A. Brooks, 
Thou Shalt Not Quote the Bible: Determining the Propriety of Attorney Use of Religious Philosophy and Themes in Oral Arguments
, 33 Ga. L. Rev. 1113, 1114 (1999).  Nevertheless, not every biblical reference made during oral arguments constitutes grounds for reversal of a defendant’s conviction.  The California Supreme Court cogently explained in 
Harrison
, 106 P.3d at 921:

Here, the prosecutor’s biblical reference came at the guilt, not the penalty, phase of trial.  Appeals to religious authority at the guilt phase are also impermissible, but for a different reason than at the penalty phase.  The jury at the guilt phase is not charged with making an ethical or normative decision; instead, it decides questions of historical fact based on the evidence and applies to those facts the law as articulated by the trial court. Religious input has no legitimate role to play in this process. 

But not every reference to the Bible is an appeal to religious authority.  Not only is the Bible a religious text, but it is also generally regarded as a literary masterpiece; indeed, it is among the oldest and best-known literary works in our culture.  The English departments of major secular universities teach courses on the Bible as literature.   And this court has repeatedly held that in closing argument attorneys may use “illustrations drawn from common experience, history, or 
literature
.” . . .  As an article in a respected law journal explains, “fiction, anecdotes, jokes and 
Bible
 
stories
 are commonly regarded as acceptable” in closing argument.  (Levin & Levy, 
Persuading the Jury with Facts Not in Evidence: The Fiction–Science Spectrum
 (1956) 105 U. Pa. L. Rev. 139, 147, italics added.)

When references to the Bible are involved, the line between literary allusion and religious appeal is often a fine one.  A prosecutor who mentions the Bible in closing argument runs a grave risk that a reviewing court will find that the line has been crossed and will reverse the defendant’s conviction.  Because any use of biblical references in argument must be carefully scrutinized, cautious prosecutors will choose to avoid such references.  Nevertheless, so long as they do not appeal to religious authority, prosecutors may refer to the Bible in closing argument to illustrate a point.

Here, a reasonable juror likely would understand the prosecutor’s biblical references merely as a powerfully dramatic illustration of the gravity and enormity of defendant’s crimes.  The prosecutor did not argue that biblical law or doctrine required defendant’s conviction of the charges against him.  Indeed, he prefaced his remarks with a statement that he himself was “not a religious person.”  Because the prosecutor did not use the biblical allusion as an appeal to religious authority, we do not find prosecutorial misconduct in this case.

 

(Citations and footnotes omitted.)

[¶9] The arguments of Gaede’s trial attorney and the prosecutor did not cross the line into an impermissible appeal to religious authority.  The attorneys’ references to “Judas” and “30 pieces of silver,” when read in context, are literary allusions to illustrate points the attorneys were attempting to convey to the jury.  Indeed, the term “Judas” has become part of the normal lexicon, being defined in 
The American Heritage Dictionary
 692 (2d Coll. ed. 1985) as “[o]ne who betrays under the appearance of friendship.”  
See also
 
Williams v. Booker
, 2005 WL 1862338, at **5-6 (E. D. Mich. Aug. 3, 2005) (defendant not denied effective assistance of counsel when trial attorney failed to object to prosecutor’s reference to thirty pieces of silver where “it was a fleeting remark in a two-day trial, and an objection to the remark would have drawn more attention to it”); 
Miles
, 374 A.2d at 283-84 (prosecutor’s argument about Judas Iscariot was harmless error when used as “historical analogy”); 
Quaid v. State
, 208 S.E.2d 336, 343 (Ga. Ct. App. 1974) (prosecutor’s reference to Judas and thirty pieces of silver not error, noting “advocates make use of imagery and biblical references”).

[¶10] Gaede’s trial attorney’s argument to the jury that “[i]n that room you are in fact God” cannot be reasonably interpreted as an appeal to religious authority because the attorney in his next sentence told the jury to use its power “pursuant to the instructions of the Court.  The comments by Gaede’s trial attorney and the prosecutor about “sins,” “sinners,” and “saints” also do not amount to an appeal to religious authority.  The challenged comments by the attorneys in this case were “[p]erhaps melodramatic,” but they did not constitute an impermissible appeal to religious authority.  
State v. Ash
, 526 N.W.2d 473, 482 (N.D. 1995) (prosecutor’s argument referencing “‘Christmas carol,’” “‘holiday season,’” and “‘Christmas table’” not obvious error requiring reversal).  Furthermore, the district court found Gaede had not shown the biblical references prejudiced him, and that finding is supported by the record.

[¶11] Because there was no prosecutorial misconduct in closing arguments, Gaede has not shown deficient performance on the part of his appellate attorney for failing to raise the biblical reference issue on direct appeal.  Gaede also has not shown deficient performance on the part of his trial attorney for his biblical references and for his failure to object to the prosecutor’s biblical references.  Consequently, we conclude Gaede has not met his burden of showing he received ineffective assistance from his trial and appellate counsel.  

III

[¶12] It is unnecessary to address the other issues raised by Gaede.  Following an evidentiary hearing, the district court issued a 40-page memorandum opinion and order in which it thoroughly analyzed Gaede’s numerous claims.  The court’s findings of fact are not clearly erroneous and its conclusions of law are in accordance with the applicable law.

[¶13] We affirm the order denying Gaede’s application for post-conviction relief.

[¶14] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.