Filed 1/12/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 11

State of North Dakota, Plaintiff and Appellee

v.

Jose H. Pena Garcia, Defendant and Appellant

No. 20110090

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Joel D. Medd, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Carmell Faye Mattison (argued), Assistant State’s Attorney and Jennifer Albaugh (on brief), third-year law student, P.O. Box 5607, Grand Forks, N.D. 58206-

5607, for plaintiff and appellee.

David Neil Ogren, Grand Forks Public Defender Office, 405 Bruce Avenue, Suite 101, Grand Forks, N.D. 58201, for defendant and appellant.

State v. Pena Garcia

No. 20110090

VandeWalle, Chief Justice.

[¶1] Jose Pena Garcia appealed from a criminal judgment entered after a jury found him guilty of actual physical control.  Pena Garcia argues he was denied due process because the State engaged in prosecutorial misconduct when the prosecutor read case law to the jury during closing arguments.  We affirm the judgment.

I

[¶2] In September 2010, Pena Garcia was arrested and charged with actual physical control in violation of N.D.C.C. § 39-08-01, a class B misdemeanor. 

[¶3] A jury trial was held on March 1, 2011.  The State presented evidence from Brandon Rakoczy and Thomas Inocencio, two officers from the Grand Forks Sheriff’s Department who were involved in arresting Pena Garcia.  Rakoczy testified he was patrolling the city of Larimore with Inocencio at around 3:00 a.m. on September 25, 2010, when they found Pena Garcia passed out and laying face down on the driver’s seat of his pickup truck with his legs outside the vehicle.  Rakoczy and Inocencio testified the vehicle was running and the lights were on when they approached.  Rakoczy and Inocencio testified Inocencio shut the vehicle off, but neither officer could recall what happened to the vehicle’s keys after Inocencio turned the ignition off.  Pena Garcia presented testimony from his girlfriend that she drove him to their apartment earlier that evening, that she left him in the vehicle because he fell asleep, and that she had the vehicle’s keys inside the residence.  The State presented evidence Pena Garcia had a blood alcohol level of .198 percent within two hours of the officers finding him in the vehicle. 

[¶4] During closing arguments Pena Garcia’s attorney argued that 
the officers testified they did not know what happened to the vehicle’s keys, and that Pena Garcia’s girlfriend testified she drove him home and she had the keys in the apartment.  Pena Garcia further argued 
the State was required to establish he was in a position to manipulate the vehicle’s controls and cause it to move or affect its movement, and
 “[w]ithout the keys the vehicle goes nowhere.”  
In its closing argument in rebuttal, the State argued it was not required to prove the location of the vehicle’s keys beyond a reasonable doubt and North Dakota case law provides that the presence of the keys is not dispositive in deciding whether an individual is guilty of actual physical control.  Pena Garcia objected to the State’s argument and requested a mistrial, arguing the State improperly read case law to the jury and the State’s comments may have damaged and tainted the jury pool.  The district court sustained Pena Garcia’s objection but denied his request for a mistrial.  The court instructed the jury to disregard that portion of the State’s argument and advised the jury it needed to follow the law that was given in the jury instructions.  The jury found Pena Garcia guilty.

II

[¶5] Pena Garcia argues the State engaged in prosecutorial misconduct and violated his due process rights when the State improperly read case law to the jury during its closing argument.  He contends the State’s comments about the law were in direct opposition to the court’s instructions to the jury.

[¶6] 
A de novo standard of review applies to whether facts rise to the level of a constitutional violation, including a claim that prosecutorial misconduct denied a defendant’s due process right to a fair trial.  
State v. Duncan
, 2011 ND 85, ¶ 10, 796 N.W.2d 672.  This Court has said:

[P]rosecutorial misconduct may so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process.  However, we have also recognized that not every assertion of prosecutorial misconduct, followed by an argument the conduct denied the defendant his constitutional right to a fair trial, automatically rises to an error of constitutional dimension.  To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant’s right to a fair trial.  To determine whether a prosecutor’s misconduct rises to a level of a due process violation, we decide if the conduct, in the context of the entire trial, was sufficiently prejudicial to violate a defendant’s due process rights.

Id.
 at ¶ 12 (quoting 
State v. Kruckenberg
, 2008 ND 212, ¶ 20, 758 N.W.2d 427) (internal quotations omitted).  When there is a claim of prosecutorial misconduct, we determine whether the prosecutor’s actions were misconduct and, if they were, whether the misconduct had prejudicial effect.  
State v. Vondal
, 2011 ND 186, ¶ 12, 803 N.W.2d 578.  If the prosecutor’s comment is improper, we consider the probable effect it would have on the jury’s ability to fairly judge the evidence.  
Kruckenberg
, at ¶ 20.  “‘Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding.’”  
State v. Paulson
, 477 N.W.2d 208, 210 (N.D. 1991) (quoting 
City of Grand Forks v. Cameron
, 435 N.W.2d 700, 704 (N.D. 1989)).

[¶7] During the State’s rebuttal closing argument, the State 
argued:

In every jury trial that we have there is also what I term as a red herring.  And the red herring in this case is the keys.  Defense wants you to believe that the State has to prove where the keys are beyond a reasonable doubt.  That’s the red herring.  State does not have to prove that.  That is the law.  To find a defendant guilty of APC there doesn’t have to be testimony of where the keys went.  Our North Dakota Supreme Court has stated the presence of an ignition key is not dispositive to the offense of actual physical control.  Similarly, whether or not a vehicle is operable is also not dispositive.

The State argues its comments were in response to Pena Garcia’s closing argument and any error was invited because Pena Garcia’s attorney insinuated the State had to prove the location of the keys in his closing argument.  “‘[A] defendant may not claim error for arguments that are invited.’”  
Kruckenberg
, 2008 ND 212, ¶ 28, 758 N.W.2d 427 (quoting 
State v. Clark
, 2004 ND 85, ¶ 21, 678 N.W.2d 765).

[¶8] The jury instructions included an instruction stating, “A person is ‘in actual physical control’ of a vehicle when the vehicle is operable and a person is in a position to manipulate one or more of the controls of the vehicle that cause it to move or affect its movement in some manner or direction.”  The district court sustained Pena Garcia’s objection to the State’s comments, stating the comments were inappropriate, case law is case specific, the ruling in the case the State was referring to applies to the facts of that case, it is inappropriate to argue case law to the jury, and the jury instructions correctly informed the jury that a vehicle must be operable and moveable for a person to be guilty of actual physical control.  

[¶9] This Court has said the presence of an ignition key or whether the vehicle is operable are not dispositive in deciding whether an individual committed the offense of actual physical control.  
See
 
Rist v. North Dakota Dep’t of Transp.
, 2003 ND 113, ¶ 17, 665 N.W.2d 45; 
see also
 
Obrigewitch v. Director, North Dakota Dep’t of Transp.
, 2002 ND 177, ¶ 13, 653 N.W.2d 73; 
State v. Haverluk
, 2000 ND 178, ¶ 16, 617 N.W.2d 652.  However, the jury is required to follow the law as set out by the court.  N.D.C.C. § 29-21-04.  The parties are bound by the court’s instructions, but have an opportunity to object and may challenge the jury instructions on appeal.  
See
 N.D.R.Crim.P. 30; 
State v. Haugen
, 2007 ND 195, ¶ 6, 742 N.W.2d 796 (jury instructions are reviewed on appeal to determine whether they fairly and adequately advised the jury of the applicable law).  It is improper for a party to make a statement to the jury that is directly contrary to the court’s instructions.  
See
 N.D.C.C. § 29-21-

04; N.D.R.Crim.P. 30 (stating a party may object to an instruction and preserve the objection).

[¶10] In this case, it is unnecessary to decide whether the State’s comments constituted misconduct or were invited error because the court’s instruction cured any error and any possible prejudice.  
After Pena Garcia objected to the State’s rebuttal closing argument, the court instructed the jury:

Defense counsel objected to the State arguing North Dakota Supreme Court case law.  The Court has sustained that objection because the law is given to you in the jury instructions and I need to follow the law that is given to you in the jury instructions.

So the Court has sustained that objection and the jurors should disregard the argument concerning the case law that’s presented by the State. 

Claims of improper argument are generally not grounds for reversal because it is presumed the jury will follow the trial court’s admonition and disregard improper statements.  
State v. Azure
, 525 N.W.2d 654, 656 (N.D. 1994).  The court’s actions were appropriate and we presume the jury followed the court’s instructions.  
See
 
Paulson
, 477 N.W.2d at 210.  The court admonished the jury and read the jury instructions advising the jury of the applicable law after closing arguments were completed. 
 The jury instructions also included an instruction stating, “If counsel have made any statements as to the law which are not supported by these instructions, you should disregard those statements.”  We conclude the court’s actions prevented any possible prejudice.

[¶11] After considering the State’s comments within the context of the entire trial, we conclude the comments, if improper, did not result in an unfair trial and did not deprive Pena Garcia of due process.

III

[¶12] We affirm the district court judgment.

[¶13] Gerald W. VandeWalle, C.J.

Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner