2013 ND 195

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Gaylord Gene EVANS, Defendant and Appellant**

No. 20130121.

Supreme Court of North Dakota.

Oct. 30, 2013.

Rehearing Denied Dec. 24, 2013.

Jeremy A. Ensrud (argued) and Sean B. Kasson (on brief), Assistant State's Attorneys, Ward County State's Attorney's Office, Minot, ND, for plaintiff and appellee.

Monte L. Rogneby, Bismarck, ND, for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Gaylord Gene Evans appealed from a criminal judgment entered after a jury found him guilty of negligent homicide. Evans argues there was insufficient evidence to support the conviction, that the district court permitted a lay witness to testify as an expert, and that the State engaged in prosecutorial misconduct. We affirm the judgment.

## I

[¶ 2] In July 2011, Evans was towing an empty utility trailer on a Ward County road heading eastbound near Minot when the trailer completely decoupled from his pickup truck. The trailer veered into the westbound lane and collided with an oncoming car. The driver of the car, Denise Hoffert, was killed in the collision.

[¶ 3] The State charged Evans with negligent homicide. Prior to trial, Evans filed a request for discovery and inspection under N.D.R.Crim.P. 16. In its response, the State did not disclose any expert witnesses. At trial, North Dakota Highway Patrol Officer Huston, among others, testified for the State. Officer Huston, who was not qualified as an expert witness, testified he investigated the crash as an accident reconstructionist. Officer Huston testified he prepared a report and limited collision analysis of the accident and that he had previously received additional training in accident investigation and reconstruction.

[¶ 4] Evans objected when the State asked Officer Huston if he prepared a report and analysis of the accident. The judge instructed the jury to leave the courtroom. Outside the presence of the jury, the parties argued whether the State

was introducing expert testimony from a lay witness. The State contended it disclosed Officer Huston's limited collision analysis report under the Rule 16 request. The report did not include the officer's qualifications. The court suspended Officer Huston's testimony until the next day and instructed the State to provide Evans with the officer's qualifications.

[¶ 5] The next morning, a hearing was held outside the presence of the jury. The court indicated it would not allow Officer Huston to testify as to what he thought caused the trailer to decouple. The trial resumed. Officer Huston testified, "[t]aking the totality of all the evidence that I put together, in my opinion the only thing that happened was the trailer came unhooked. It wasn't attached to the pickup properly, came off, and unfortunately went into the oncoming lane and struck the [victim's] vehicle." At the close of the State's case, Evans moved for a judgment of acquittal under N.D.R.Crim.P. 29. The court denied the motion.

[¶ 6] In his own defense, Evans testified he attached his trailer, aired up the trailer tires, verified the ball was on, hooked up the safety chains, lifted the trailer jack and plugged in the lights. Evans averred he did not know what caused the trailer to decouple. Evans testified his trailer may have been rear-ended from behind prior to detachment, but that he did not feel the impact. Evans stated that after the accident, he removed the ball from the receiver hitch of his truck. Evans also testified he used a proper fitting ball. The defense finally asked, "[w]ere you driving the pickup towing this trailer with no safety chains whatsoever?" Evans replied, "No."

[¶ 7] On rebuttal, the State questioned Officer Huston about the effects braking would have on an improperly connected trailer. The defense objected, claiming that Evans did not testify as to braking just prior to the accident. The court sustained the objection, ruling that Evans had not testified as to braking just prior to the accident. The jury was instructed to disregard the question and answer as to braking at the time of the accident. The court stated it would allow questions of a general nature about braking or decelerating.

[¶ 8] After the State rested, Evans renewed his Rule 29 motion. The court denied the motion. The jury found Evans guilty of the crime of negligent homicide. After trial, but before sentencing, Evans again moved for a Rule 29 judgment of acquittal or, in the alternative, a new trial. The court denied his motion.

## II

[¶ 9] Evans argues the district court erred in denying his Rule 29 motions because there was insufficient evidence to establish guilt beyond a reasonable doubt. Evans alleges the State failed to prove all the elements of the crime, namely, that Evans caused the death of another human being by engaging in conduct with an "unreasonable disregard ... of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct." N.D.C.C. § 12.1–02–02(1)(d). Evans contends that, at best, the State's evidence merely demonstrated: 1) an accident happened; 2) after the accident, the ball from the hitch was located in its case in the back of Evans's pickup; 3) the hitch and trailer receiver had damage marks which may or may not be relevant to the cause of the accident; and 4) based on observations of Highway Patrol officers who have no special training regarding metal forensics, the safety chains did not appear to have been stressed.

[¶ 10] Under N.D.R.Crim.P. 29, "[a]fter the prosecution closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." To grant a motion for judgment of acquittal, the "trial court must find the evidence is insufficient to sustain a conviction of the offenses charged." *State v. Romero*, 2013 ND 77, ¶ 24, 830 N.W.2d 586. In considering a Rule 29 motion, "the trial court, upon reviewing the evidence most favorable to the prosecution, must deny the motion if there is substantial evidence upon which a reasonable mind could find guilt beyond a reasonable doubt." *Romero*, at ¶ 24. The burden is on the defendant to show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt. *Id.* On an appeal from an insufficiency of the evidence claim, this Court reviews the record to determine if there is competent evidence allowing the trier of fact to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. *State v. Bruce*, 2012 ND 140, ¶ 16, 818 N.W.2d 747.

[¶ 11] The jury convicted Evans of negligent homicide in violation of N.D.C.C. § 12.1–16–03. The statute states, "A person is guilty of a class C felony if he negligently causes the death of another human being." N.D.C.C. § 12.1–16–03. The criminal code further provides a person engages in negligent conduct "if he engages in the conduct in unreasonable disregard of a substantial likelihood of the existence of the relevant facts or risks, such disregard involving a gross deviation from acceptable standards of conduct." N.D.C.C. § 12.1–02–02(1)(d).

[¶ 12] In support of the verdict, the State points to a series of photographic exhibits, testimony by Highway Patrol officers, and Evans's own testimony. Officer Roark testified he photographed the accident scene, observed the trailer hitch locking mechanism was down in the locked position, and noticed the absence of a pin or cotter key in the trailer hitch locking mechanism "to keep the trailer locked on to the ball." Officer Roark also interviewed Evans at the scene and testified that Evans said he removed the ball from his truck shortly after the accident because he did not want to lose it. Upon further questioning, Evans told the officer to "build your own case."

[¶ 13] Pertaining to the exhibits, the State asserts a photograph depicting "underside scoring of the coupler" was caused by an "improper size ball or no ball attached to the receiver hitch pin." The jury also viewed a photograph showing "marring" on the receiver hitch allegedly caused by movement and impact of the trailer. The jury was also presented photographs and testimony indicating the safety chains were free of stress, fatigue, and wear and tear. The State postulates the lack of damage shows the chains were not properly engaged when the trailer detached. The jury also viewed photos of the undamaged rear-end of the trailer. The State contends this undermines Evans's claim he may have been rear-ended by another vehicle prior to detachment. Evans testified he removed the ball from his receiver hitch after the accident before police arrived. The State argues the removal of the ball supports the theory Evans failed to properly hook up his trailer.

[¶ 14] We conclude the defendant has failed to show that the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt. Under the sufficiency standard, a reasonable jury could find Evans negligently caused the death of another human being by engaging in conduct that consti-

tuted an "unreasonable disregard ... of the relevant facts or risks ... involving a gross deviation from acceptable standards of conduct." N.D.C.C. § 12.1–02–02(1)(d). The record contains evidence from which the jury could conclude Evans failed to properly attach his trailer by not using a ball, improperly attaching the ball, or using an incorrectly sized ball, and by failing to use or incorrectly attaching the safety chains while towing his trailer on the highway. We conclude the district court properly denied Evans's motions for acquittal under Rule 29.

### III

[¶ 15] Evans argues the district court erred "when it allowed Huston to provide expert testimony over [Evans's] objections." Evans specifically argues Officer Huston, a lay witness, was allowed to give expert opinion testimony over his objection 1) concerning the affects of having an improper fitting ball connected to the trailer's coupler; 2) the affects of braking when using an improper fitting ball; 3) how safety chains would be affected by using an improper fitting ball; 4) the affects of braking if no ball was used to connect the hitch to the trailer's coupler; and 5) whether the markings on the hitch could have been caused by the trailer's coupler "lunging" forward.

[¶ 16] The determination of whether to allow opinion testimony from a lay or expert witness is within the sound discretion of the district court and will not be reversed absent an abuse of discretion. *State v. Saulter*, 2009 ND 78, ¶ 9, 764 N.W.2d 430. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *State v. Moos*, 2008 ND 228, ¶ 30, 758 N.W.2d 674. Rule 701, N.D.R.Ev., provides, lay witness testimony in the "form of opinions or inferences is limited to those opinions or inferences that are (i) rationally based on the perception of the witness and (ii) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Whereas N.D.R.Ev. 701 limits the scope of lay opinions, Rule 702 permits an expert witness to offer opinion testimony based on "scientific, technical, or other specialized knowledge," if the testimony assists the "trier of fact to understand the evidence or to determine a fact in issue." N.D.R.Ev. 702.

[¶ 17] Rule 701, N.D.R.Ev., is adopted from Fed.R.Evid. 701. N.D.R.Ev. 701, explanatory note. "When a state rule is derived from a federal rule, the federal courts' interpretation of the rule is persuasive authority. The federal rule was amended in 2000 to include a requirement that lay opinion testimony could not be based on scientific, technical or other specialized knowledge." *Saulter*, 2009 ND 78, ¶ 10, 764 N.W.2d 430 (citation omitted). The purpose of the amendment to Rule 701 is twofold: first, to ensure that evidence qualifying as expert testimony will not evade the "reliability" scrutiny mandated by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and second, to provide assurances the parties will not use Rule 701 to elude the expert witness pretrial disclosure requirements. *Weinstein's Federal Evidence* § 701.03[4][b]. The Eighth Circuit Court of Appeals has instructed that the inquiry into whether a lay witness's opinion constitutes impermissible expert testimony necessitates a case-by-case analysis of both the witness and the witness's opinion. *United States v. Smith*, 591 F.3d 974, 983 (8th Cir.2010).

[¶ 18] In *Saulter*, this Court recognized "[w]hen an officer relies on all the information gathered in an investigation to offer lay opinion testimony, including information gathered by other officers, he is not presenting the jury with the unique insights of an eyewitness's personal perceptions as the rule intends." *Saulter*, 2009 ND 78, ¶ 13, 764 N.W.2d 430. While a witness's testimony does not necessarily constitute "expert testimony simply because the witness has specialized knowledge and was chosen to carry out an investigation because of that knowledge, the witness's testimony is expert testimony if the testimony is rooted exclusively in his expertise or is not a product of his investigation." *Id.* at ¶ 15. When the lower court abuses its discretion by allowing a lay witness to give expert testimony, this Court applies the harmless error standard. *Id.* at ¶ 18.

[¶ 19] The heart of Evans's argument under this section concerns Officer Huston's rebuttal testimony. On rebuttal, Officer Huston testified to his experience towing a boat trailer and his familiarity with balls, hitches, and locking mechanisms. He testified an improperly fitting ball "[is] not going to fit snug and secure like a proper fit should." Officer Huston testified the purpose of safety chains, is that, "[if] the trailer comes off of the hitch ball [the chains are] to keep that trailer from, one, swaying back and forth; and, two, the obvious from being disconnected from the entire vehicle." Officer Huston further testified a properly fitting ball and coupler would maintain the connection between trailer and truck when there was a heavy or light application of the brakes. Evans objected. The court responded it would "allow questions of a general nature if one brakes or slows down … that's common sense."

[¶ 20] Under this instruction, Officer Huston was asked, "in your personal experience do you know what would happen if you were to hit the brakes or brake suddenly without a ball on there while towing a trailer?" He replied the trailer would detach. Officer Huston was then asked, "if you are pulling a trailer where the receiver hitch, no ball, and riding on a pin, if you were to slow or apply any braking, where in relation to the trailer would it cause, what would that cause the trailer to do?" Officer Huston stated the trailer would surge forward.

[¶ 21] In light of all the circumstances in this case, we conclude the district court did not abuse its discretion by acting in an arbitrary, unreasonable, or unconscionable manner when it allowed Officer Huston to testify from his personal knowledge and familiarity with trailers and from his own observations of the trailer. Although Officer Huston had received additional training in accident reconstruction, his testimony did not refer to "scientific, technical, or other specialized knowledge" under Rule 702. The line of questioning on rebuttal concerning braking and an improperly fitting ball elicited lay opinion responses. Based on Officer Huston's own personal knowledge and experience towing trailers, he was able to opine that an improperly fitting ball or attachment would cause the trailer to shift or surge in transit. Additionally, his observation that the safety chains and the safety chain attachment points did not appear damaged was not technical. The information was helpful to the jury in determining whether the chains were properly engaged at the time of detachment.

[¶ 22] The instant case is also distinguishable from our decision in *Saulter* in which we held a detective's specialized testimony regarding strangulation was not lay testimony. In *Saulter*, the detective

provided sophisticated testimony concerning strangulation symptoms:

> There are a variety of things that a person could experience: Light headedness, difficulty breathing, blacking out, seeing stars, having ringing in their ears. Physical manifestations could be redness, swelling, finger marks, bruising. If a ligature object was used, ligature marks, hoarseness, a change in voice afterwards, the appearance of petechiae, small red dots.

*Saulter*, 2009 ND 78, ¶ 14, 764 N.W.2d 430. Although we determined the district court impermissibly allowed the detective, a lay witness, to offer expert testimony, we nevertheless held that it was harmless error to admit the detective's expert testimony. The testimony in the case at bar does not rise to a commensurate level of technical or scientific expertise. Officer Huston merely testified as to his basic knowledge concerning hitches, balls, braking and the logical result of improper attachment.

[¶ 23] This Court also recognizes that we previously indicated in *Saulter* that when an officer simply relies on information gathered by other officers to formulate and present his opinion, the testifying officer is *not offering the fact-finder with any unique insights of an eyewitness's personal perceptions* as Rule 701 intends. *See Saulter*, 2009 ND 78, ¶ 13, 764 N.W.2d 430. In *Saulter*, the detective did not witness the strangulation incident or observe the victim's physical injuries. Instead, the detective testified that his opinion testimony was based upon his review of police reports generated by other officers and an interview he conducted with the victim weeks after the strangulation incident. That tenuous level of investigation is not present here. Although Officer Huston did not witness the collision or serve as a first responder at the scene, he did generate a collision analysis report based on his own physical inspections of Evans's truck, trailer, receiver hitch, interchangeable hitch balls, safety chains, safety chains attachment plates, and Denise Hoffert's car. We are satisfied the opinion testimony elicited, based on the perceptions of his accident investigation, conforms to the limitations set by Rule 701 and that the district court did not abuse its discretion.

[¶ 24] Assuming, for the purposes of discussion only, that the district court erred in allowing Officer Huston to testify as an expert, the error in the admission of his testimony was harmless. Under N.D.R.Crim.P. 52(a) "[a]ny error, defect, irregularity or variance that does not affect substantial rights must be disregarded." "If evidence was admitted in error, this Court will consider the entire record and decide in light of all the evidence whether the error was so prejudicial the defendant's rights were affected and a different decision would have occurred absent the error." *Saulter*, 2009 ND 78, ¶ 18, 764 N.W.2d 430. Even if we were to determine an error was made, in light of the common sense nature of his testimony and other evidence in the case, admitting the testimony was harmless.

[¶ 25] We conclude the district court did not abuse its discretion in allowing Officer Huston to testify because he did not give expert testimony under N.D.R.Ev. 702 and his opinions were based on his personal experience, perception, and helpful to the jury's determination of whether the trailer was properly attached.

IV

[¶ 26] Evans argues the district court erred when it denied his motion for a new trial due to prosecutorial misconduct. In reviewing a claim of prosecutorial misconduct, this Court must "first determine whether the prosecutor's actions were misconduct and, if they were, then

... examine whether the misconduct had prejudicial effect." *State v. Vondal,* 2011 ND 186, ¶ 12, 803 N.W.2d 578. Prosecutorial misconduct may infect "the trial with unfairness as to make the resulting conviction a denial of due process." *State v. Kruckenberg,* 2008 ND 212, ¶ 20, 758 N.W.2d 427. "To constitute a due process violation, the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." *Id.* "Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *State v. Pena Garcia,* 2012 ND 11, ¶ 6, 812 N.W.2d 328.

[¶ 27] Evans argues that during the State's rebuttal with Officer Huston, the State mischaracterized Evans's testimony in two ways. Evans alleges "[t]he Prosecutor falsely claimed [Evans] had testified that immediately prior to the accident he had suddenly applied the brakes and that [Evans or his wife] testified that the safety chains were attached to their pickup at the time the accident occurred." A review of the record supports Evans's contention that the prosecutor mischaracterized Evans's testimony as to the chains being attached at the time of the accident. However, our review of the record does not support Evans's assertion that the State claimed Evans applied the brakes and we conclude the State's misstatement pertaining to the safety chains does not constitute misconduct.

### A. Statement about the Chains

[¶ 28] While questioning Officer Huston on rebuttal, the prosecutor stated, "[s]o accepting Defendant's testimony as true that he had safety chains on at the time that this [accident] occurred being placed on the side of the plates, do you have—." Evans did not actually testify the chains were attached at the time of the accident. Instead, Evans testified he properly hooked up the safety chains and that, in between the time he first attached the chains and the time of the accident, he did not notice that the safety chains were ever detached.

[¶ 29] Applying the facts to the two-part misconduct inquiry, the prosecutor's statement about Evans braking does not qualify as misconduct under the first prong as the mischaracterization of Evans's testimony is negligible. Although Evans did not directly state the chains were connected at the time of the accident, his testimony could reasonably be inferred to support that fact. The State may have made an unwarranted logical leap in assuming Evans testified that the chains were attached during the accident, but the State's misstatement did not deny Evans a fair trial. Inappropriate prosecutorial comments, standing alone, generally do not justify a reversal of a criminal conviction obtained in an otherwise fair trial. *State v. Montano,* 2012 ND 59, ¶ 10, 813 N.W.2d 612; *Pena Garcia,* 2012 ND 11, ¶ 6, 812 N.W.2d 328. In light of the entire trial, it is clear the State's innocuous remark did not rise to the level of misconduct.

### B. Statement about the Brakes

[¶ 30] Evans also argues the State committed prosecutorial misconduct by falsely claiming Evans testified he hit the brakes just prior to the accident. The State argues it did not make such a statement. Upon our review of the trial transcript, we find no evidence the State claimed Evans testified as to braking when the accident occurred. Furthermore, Evans fails to cite the location of the purported comment in the record. "Judges, whether trial or appellate, are not ferrets, obligated to engage in unassisted searches of the record for evidence to support a litigant's position." *State v. Witzke,* 2009

ND 169, ¶ 4, 776 N.W.2d 232. The State asked a general question, "without a ball present is it your testimony today that upon hitting [sic] if someone were to hit the brakes that trailer would lunge forward, correct?" The State did not claim Evans testified he hit his brakes. Nevertheless, the district court directed the jury to disregard the purported question and answer concerning Evans's use of his brakes. The court stated it would "allow questions of a general nature if one brakes or slows down." Because the prosecutor did not pose a question asserting Evans testified as to braking at the time of the accident, the State did not commit prosecutorial misconduct under the first prong.

[¶ 31] Even though we conclude the State did not mischaracterize the statement, the district court sustained Evans's objection and instructed the jury to disregard the question and response and give them no weight whatsoever. This Court has stated, "[c]laims of improper argument are generally not grounds for reversal because it is presumed the jury will follow the trial court's admonition and disregard improper statements." *Pena*

*Garcia*, 2012 ND 11, ¶ 10, 812 N.W.2d 328. Here, the statement was not made as alleged. Nevertheless, it was objected to, sustained, and the jury was instructed to give it no weight. The alleged statement did not result in an unfair trial or deprive Evans of his due process rights.

V

[¶ 32] We affirm the district court judgment.

[¶ 33] ALLAN L. SCHMALENBERGER, S.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.

[¶ 34] The Honorable ALLAN L. SCHMALENBERGER, S.J., sitting in place of Kapsner, J., disqualified.