2015 ND 137

**William Samuel ROBERTS, Appellant,**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Appellee.**

**No. 20140433.**

Supreme Court of North Dakota.

May 27, 2015.

William S. Roberts, self-represented, Burlington, ND, appellant; on brief.

Michael Trent Pitcher, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for appellee; on brief.

CROTHERS, Justice.

[¶ 1] William Samuel Roberts appeals from a district court judgment affirming an order of the Department of Transportation revoking his driving privileges for two years for refusing to submit to a chemical test. Roberts argues the district court erred by affirming the hearing officer's decision revoking Roberts' license for two years based upon his refusal to submit to a chemical test because Roberts submitted to an onsite screening test prior to being arrested for driving under the influence. We affirm.

I

[¶ 2] In March 2014, the Burlington Police Chief Philip Crabb observed Roberts' vehicle weave within its lane and cross the center and fog lines several times. After the officer stopped Roberts, he observed Roberts' face was flushed and his speech was slurred, and he noted an odor of alcohol. Roberts admitted to having a few drinks. Roberts agreed to take field sobriety tests. After the officer read Roberts the implied consent advisory, Roberts also agreed to take an onsite screening test. The result of the test was 0.143 BAC, and the officer arrested Roberts for driving under the influence of alcohol. The officer again read Roberts the implied consent advisory and asked Roberts if he would submit to a blood test. Roberts said no. Roberts' record showed his driving privileges previously were suspended for 91 days for "BAC over legal limit." The hearing officer found that "[b]ased upon this refusal and Roberts' driving record, the applicable period of revocation is 2 years under N.D.C.C. § 39–20–04."

[¶ 3] Roberts appealed the decision of the North Dakota Department of Transportation to the district court, arguing the hearing officer incorrectly determined the arresting officer cited Roberts for refusal of a chemical test under N.D.C.C. § 39–20–01 and incorrectly revoked his driving privileges under N.D.C.C. § 39–20–04. Roberts argued the BAC measurement of 0.143 negates the charge of refusal. The district court affirmed the decision of the North Dakota Department of Transportation, finding the hearing officer's findings regarding refusal did not go against the greater weight of the evidence. Roberts appeals.

## II

[¶ 4] The Administrative Agencies Practice Act, N.D.C.C. ch. 28–32, governs the review of an administrative agency decision to suspend a person's driving privileges. *Painte v. Dep't of Transp.*, 2013 ND 95, ¶ 6, 832 N.W.2d 319. This Court reviews the agency's decision on appeal from the district court. *Id.* "Courts exercise limited review in appeals from administrative agency decisions, and the agency's decision is accorded great deference." *Id.* (quoting *Berger v. N.D. Dep't of Transp.*, 2011 ND 55, ¶ 5, 795 N.W.2d 707). "We review an administrative agency decision under N.D.C.C. § 28–32–49 in the same manner as the district court under N.D.C.C. § 28–32–46." *Painte*, at ¶ 6. Although this Court reviews the agency's findings and decisions, "the district court's analysis is entitled to respect if it is sound." *Morrow v. Ziegler*, 2013 ND 28, ¶ 6, 826 N.W.2d 912. We must affirm an agency's decision unless:

"1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28–32–46.

[¶ 5] In *Painte*, we said:

"In deciding whether an agency's findings of fact are supported by a preponderance of the evidence, our review is confined to the record before the agency and to determining whether a reasoning mind reasonably could have determined the factual conclusions were proven by the weight of the evidence. We defer to the agency's ruling by not making independent findings of fact or by substituting our own judgment for the agency's, but the ultimate conclusion of whether the facts meet the legal standard, rising to the level of probable cause, is a question of law, fully reviewable on appeal."

2013 ND 95, ¶ 7, 832 N.W.2d 319 (citations and quotation marks omitted). "When an appeal involves the interpretation of a statute, a legal question, this Court will affirm the agency's order unless it finds the agency's order is not in accordance with the law." *Harter v. N.D. Dep't of Transp.*, 2005 ND 70, ¶ 7, 694 N.W.2d 677 (citation and quotation marks omitted).

## III

[¶ 6] Roberts argues he was subjected to an improper procedure and an incorrect punishment when he was charged with refusal of a chemical test. Roberts argues because he submitted to an onsite chemical test, resulting in his arrest and prosecution for DUI, his license should not be revoked for refusal to submit to a chemical test. He argues his license cannot be revoked for refusal because he submitted to an onsite screening test. Roberts' license was revoked under N.D.C.C. § 39–20–04, authorizing revoca-

tion of driving privileges upon refusal to submit to a test under section 39–20–01 or 39–20–14.

[¶ 7] Section 39–20–01, N.D.C.C., states:

"1. Any individual who operates a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this state is deemed to have given consent, and shall consent, subject to the provisions of this chapter, to a chemical test, or tests, of the blood, breath, or urine for the purpose of determining the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine. . . .

"2. The test or tests must be administered at the direction of a law enforcement officer only after placing the individual . . . under arrest and informing that individual that the individual is or will be charged with the offense of driving or being in actual physical control of a vehicle upon the public highways while under the influence of intoxicating liquor, drugs, or a combination thereof."

[¶ 8] Section 39–20–14, N.D.C.C., states:

"1. Any individual who operates a motor vehicle upon the public highways of this state is deemed to have given consent to submit to an onsite screening test or tests of the individual's breath for the purpose of estimating the alcohol concentration in the individual's breath upon the request of a law enforcement officer who has reason to believe that the individual committed a moving traffic violation or was involved in a traffic accident as a driver, and in conjunction with the violation or the accident the officer has, through the officer's observations, formulated an opinion that the individual's body contains alcohol."

[¶ 9] Roberts was given two implied consent warnings. The officer first read Roberts the implied consent advisory before initiating an onsite breath test. Onsite screening tests are authorized under N.D.C.C. § 39–20–14. Section 39–20–14(3), N.D.C.C., provides, "The results of such screening test must be used only for determining whether or not a further test shall be given under the provisions of section 39–20–01." "The sole purpose of an onsite screening test is to assist a law enforcement officer in deciding whether there are reasonable grounds to arrest an individual." *Yellowbird v. N.D. Dep't of Transp.*, 2013 ND 131, ¶ 10, 833 N.W.2d 536 (quoting *Brewer v. Ziegler*, 2007 ND 207, ¶ 25, 743 N.W.2d 391). Here, the results of Roberts' onsite screening test assisted in providing probable cause to arrest Roberts for driving under the influence.

[¶ 10] After Roberts was arrested, the officer again read Roberts the implied consent advisory and asked Roberts to submit to a blood test. Chemical tests to determine alcohol concentration and presence of drugs are authorized under N.D.C.C. § 39–20–01. Section 39–20–01(3) provides:

"The law enforcement officer shall inform the individual charged that North Dakota law requires the individual to take the test to determine whether the individual is under the influence of alcohol or drugs; that refusal to take the test directed by the law enforcement officer is a crime punishable in the same manner as driving under the influence; and that refusal of the individual to submit to the test directed by the law enforcement officer may result in a revocation for a minimum of one hundred eighty days and up to three years of the individual's driving privileges. The law enforcement officer shall determine which of the tests is to be used."

[¶ 11] Section 39–20–01(1), N.D.C.C., requires the driver to submit "to a chemical test, *or tests,* of the *blood, breath, or urine* for the purpose of determining the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine." (Emphasis added.) Section 39–20–01 authorizes multiple tests. Moreover, the North Dakota Century Code authorizes two separate tests, each for a specific purpose under N.D.C.C. §§ 39–20–01 and 39–20–14. Section 39–20–04, N.D.C.C., authorizes revocation for refusal of the preliminary onsite screening test under section 39–20–14 and for refusal of the subsequent chemical test to determine alcohol concentration under section 39–20–01. Roberts' refusal of the chemical blood test under section 39–20–01, despite taking the onsite screening test under section 39–20–14, authorizes revocation under section 39–20–04 if the hearing officer concludes Roberts refused to take the chemical blood test.

[¶ 12] The officer testified that after reading Roberts the implied consent advisory and asking him to take a blood test at Trinity Hospital, Roberts refused and said something else but the officer was not sure what else he said. Roberts testified he did not recall being asked to take the chemical test or how he responded. The hearing officer found Roberts refused to submit to a chemical blood test. "We defer to the hearing officer to judge the credibility of the witnesses." *Pokrzywinski v. Dir., N.D. Dep't of Transp.,* 2014 ND 131, ¶ 21, 847 N.W.2d 776. A reasoning mind reasonably could determine Roberts refused the chemical test.

[¶ 13] Under N.D.C.C. § 39–20–04(1), a drivers license shall be revoked for "[t]wo years if the person's driving record shows that within the seven years preceding the most recent violation of this section, the person's operator's license has been once previously suspended, revoked, or issuance denied for a violation of this chapter or section 39–08–01 or equivalent ordinance" and if the driver "refused to submit to the test or tests under section 39–20–01 or 39–20–14." The hearing officer found Roberts' license should be revoked for two years after hearing the testimony from the two witnesses and reviewing Roberts' driving record. A reasoning mind reasonably could have determined that Roberts refused the chemical test and that his license previously had been revoked based on the hearing officer's findings of fact.

IV

[¶ 14] Roberts presented three other issues on appeal regarding the behavior of law clerks, alleged ex parte communications and mistreatment due to his pro se status. However, he did not adequately brief these issues. "Issues not briefed or argued are deemed abandoned." *Olmstead v. First Interstate Bank of Fargo, N.A.,* 449 N.W.2d 804, 807 (N.D.1989).

[¶ 15] Roberts' refusal of the chemical blood test under N.D.C.C. § 39–20–01, despite taking the onsite screening test under N.D.C.C. § 39–20–14, authorizes revocation under N.D.C.C. § 39–20–04. A reasoning mind reasonably could have determined that Roberts refused the chemical test and that his license previously had been revoked.

[¶ 16] We affirm the district court judgment affirming an order of the Department of Transportation revoking Roberts' driving privileges for two years for refusal to submit to a chemical test.

[¶ 17] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.