Filed 7/1/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 178

Rebecca Joe Havemeier, Appellant

v.

North Dakota Department of Transportation, Appellee

No. 20140417

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Norman G. Anderson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Kapsner, Justice.

Tatum O. Lindbo, P.O. Box 2105, Fargo, N.D. 58103, for appellant.

Douglas B. Anderson, Office of Attorney General, 500 North Ninth Street, Bismarck, N.D. 58501-4509, for appellee.

Havemeier v. N.D. Dep’t of Transp.

No. 20140417

Kapsner, Justice.

[¶1] Rebecca Joe Havemeier appeals from a judgment affirming an order of the Department of Transportation revoking her driving privileges for two years for refusing to submit to a chemical test.  Because we conclude the approved method for administering an Intoxilyzer test was not followed, we reverse the judgment and remand for reinstatement of Havemeier’s driving privileges.

I

[¶2] Shortly before 7 a.m. on June 14, 2014, a deputy sheriff pulled over Havemeier’s vehicle after observing her driving erratically in Dunn County.  After failing field sobriety tests and registering a .286 alcohol concentration on an onsite screening test, Havemeier was placed under arrest for driving under the influence.  During an hour-long transport to jail in Dickinson, Havemeier consented to take a chemical test with an Intoxilyzer.

[¶3] The hearing officer’s findings of fact describe what transpired:

Deputy Randall attempted to administer the Intoxilyzer 8000.  Ms. Havemeier did not blow into the machine long enough for any result to register.  Deputy Randall informed Ms. Havemeier that he was going to marking [sic] the test as a refusal by action and Ms. Havemeier asked if she could have an additional chance.  As there was still time within the initial three minutes allowed during the first attempt to blow into the Intoxilyzer 8000, Deputy Randall allowed Ms. Havemeier additional time to attempt to register a result.  Ms. Havemeier was unable or unwilling to give a proper breath sample during the three minutes she was provided with to give that breath sample.  When no sample was obtained within that three minutes, Deputy Randall marked the test as a refusal and forwarded a copy of that test to the Department.  Once Deputy Randall had determined that the test was a refusal he began to escort Ms. Havemeier to the jail.  Ms. Havemeier at this juncture, asked if she could take an additional test.  Deputy Randall testified that they had left the area where the Intoxilyzer machine was kept and he was not sure if the machine would be readily available, that there was only about roughly 20-30 minutes left of the two hours after the time of Ms. Havemeier’s driving and while it was possible that another test could have been administered there was not certainty that the test results would have been obtained within the two hour time period, and that he was one of two officers on duty in his jurisdiction and taking the additional time would have been a substantial inconvenience as he had other duties to attend too [sic].

 

[¶4] The hearing officer found “Havemeier refused to submit to the test or tests” and revoked her driving privileges for two years.  The district court affirmed the Department’s decision.

II

[¶5] Havemeier argues the Department erred in revoking her driving privileges because she did not refuse to submit to the Intoxilyzer test and, even if she did refuse, she cured the refusal.

[¶6] We must affirm an administrative hearing officer’s decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

 

N.D.C.C. § 28-32-46.  “‘In deciding whether an agency’s findings of fact are supported by a preponderance of the evidence, our review is confined to the record before the agency and to determining whether a reasoning mind reasonably could have determined the factual conclusions were proven by the weight of the evidence.’” 
Roberts v. North Dakota Dep’t of Transp.
, 2015 ND 137, ¶ 5 (quoting 
Painte v. Department of Transp.
, 2013 ND 95, ¶ 7, 832 
N.W.2d
 319).

[¶7] Havemeier argues that the hearing officer erred in finding she refused to submit to the Intoxilyzer test.

[¶8] Whether a driver refused to take a requested test is a question of fact.  
See, e.g.
, 
Pokrzywinski v. Director, North Dakota Dep’t of Transp.
, 2014 ND 131, ¶ 15, 847 
N.W.2d
 776.  If a law enforcement officer complies with statutory requirements, a person’s consent to chemical testing is implied and the person can only withdraw consent by affirmatively refusing to submit to testing.  
See, e.g.
, 
State v. Johnson
, 2009 ND 167, ¶ 7, 772 
N.W.2d
 591.

[¶9] In 
Keller v. North Dakota Dep’t of Transp.
, 2015 ND 81, ¶¶ 8-11, 861 
N.W.2d 
 768, we recently held that fair administration of an Intoxilyzer test is not established when a law enforcement officer prematurely terminates the testing sequence before the machine times out in violation of the approved method, and no expert testimony is provided on the effect, if any, of the deviation.  The approved method to conduct breath tests requires that two three-minute tests be completed.  
Id.
 at ¶¶ 9-10.  In that case, the driver provided an adequate breath sample during the first of two three-

minute tests mandated by the approved method, but the driver either would not or could not provide a second breath sample and the officer pressed the end test button before the second three-minute testing sequence had expired.  
Id.
 at ¶¶ 2, 10.  We concluded the hearing officer should not have admitted the Intoxilyzer test record into evidence and we reversed the suspension of the driver’s driving privileges.  
Id.
 at ¶ 11.

[¶10] The Intoxilyzer test record in this case, received in evidence over Havemeier’s objection, states that the initial diagnostic test was performed at “08:14,” the room air test was preformed at “08:15,” the subject test marked refused was performed at “08:17,” and the room air test was performed at “08:17,” less than the three minutes required for the first test sequence.  No second test sequence was performed.  The deputy, who was the only witness at the hearing, testified:

MS. HUBER:  Was an Intoxilyzer test administered that evening [sic]?

DEPUTY RAND[A]LL:  Several attempts were made by Ms. Havemeier.

MS. HUBER:  Did you ever receive a reading?

DEPUTY RAND[A]LL:  I was not able to receive anything to . . . well,  the numbers when she was blowing into the machine were starting to climb up.  But she did not give an adequate amount of breath samples for the machine to want to . . . to lock that number in.

So you know, we . . . I gave her ample opportunity to give an adequate breath sample.  But she . . . she was not willing or unable to do it.

 

. . . .

 

MS. HUBER:  And how did that . . . did you have to push a button?  How did that get into the test results?

DEPUTY RAND[A]LL:  Yes.  After giving her ample opportunity to give an adequate breath sample, she was unable to.  At that point I hit the refusal key on there.

 

. . . .

 

MS. LINDBO:  Okay.  Did she tell you she was refusing?

DEPUTY RAND[A]LL:  No, she did not.

MS. LINDBO:  What did she say?  What did she say?

DEPUTY RAND[A]LL:  She said she was trying, but like I said, that was refusal by action.

 

[¶11] In 
Geiger v. Hjelle
, 396 
N.W.2d 302,
 302-03 (N.D. 1986), this Court held that a properly administered Intoxilyzer test recording “deficient sample[s],” coupled with the arresting officer’s testimony that the driver “did not adequately submit to the test” and the driver’s response to a request for a second test that he “had enough of this runaround,” was sufficient to warrant a finding of refusal.  Here, the Intoxilyzer test report is not “prima facie” evidence of a refusal, 
see
 
Geiger
, at 302, because the test was not performed in accordance with the approved method when the deputy did not give the driver three minutes to provide a sample and no expert testimony was introduced to explain the effect of the deviation.  
See
 
Keller
, 2015 ND 81, ¶ 11, 861 
N.W.2d
 768.  The deputy’s testimony at the hearing does not establish an affirmative refusal by Havemeier to chemical testing.

[¶12] We conclude a reasoning mind reasonably could not have determined the weight of the evidence established Havemeier refused to submit to the chemical test.

III

[¶13] It is unnecessary to address Havemeier’s alternative argument that she cured the refusal.  We reverse the judgment and remand for reinstatement of Havemeier’s driving privileges.

[¶14] Carol Ronning Kapsner

Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.