2017 ND 249

STATE of North Dakota, Plaintiff
and Appellee

v.

Arthur Lee CRISSLER, Defendant
and Appellant

No. 20170126

Supreme Court of North Dakota.

Oct. 17, 2017

Marina Spahr, Burleigh County Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus–Parr, Grand Forks, ND, for defendant and appellant.

Jensen, Justice.

[¶ 1] Arthur Lee Crissler appeals a district court judgment after a jury convicted him of possessing a weapon in a correctional facility. Because sufficient evidence was presented to support the jury's verdict, and the testimony regarding the po-tential use and composition of an altered pencil was admissible, we affirm.

I

[¶ 2] On October 13, 2016, the State charged Crissler with possessing an object in a correctional facility intended to be used for an assault on another person or to damage property. The charges arose from the search of Crissler's cell block on September 3, 2016 during which a pencil wrapped in paper, thread, and elastic was found concealed underneath the mattress of Crissler's bunk.

[¶ 3] At trial, Burleigh County Detention Center Officer Lucas Kuntz testified about the search and discovery of the pencil. Kuntz testified that the pencil was a flex pencil that is very flexible in an unaltered state. The pencil found concealed under Crissler's mattress was wrapped in paper that had first been wetted and then, when in place, allowed to dry which had the effect of increasing the rigidity of the pencil. The rigidity was further increased by thread-like string. Finally, elastic that appeared to come from a pair of underwear was added in a manner that would have made the pencil easier to grip. The sharpened, stiffened, and reinforced flexible pencil protruded from the handle made of reinforced elastic in a manner that could allow a person to stab another person while simultaneously punching him. The pencil, as modified, was admitted as an exhibit. Kuntz also testified that Crissler admitted the pencil was his. Crissler also told Kuntz, "I [Crissler] could see how you could think this [the modified pencil] is a weapon."

[¶ 4] The jury found Crissler guilty of possessing a weapon in a correctional facility under N.D.C.C. § 12–44.1–21(5). The statute provides, "[i]t is unlawful for an inmate in a correctional facility to willfully procure, make, or possess an object, in-

cluding a shard made of any material or a weapon, firearm, ammunition, or explosive material, intended to be used for an assault on another person or to damage property." N.D.C.C. § 12–44.1–21(5).

## II

[¶ 5] Crissler argues there is insufficient evidence to sustain the jury's verdict against him. Crissler argues the State failed to establish the pencil was a weapon and that Crissler intended to use the pencil as a weapon. Crissler also argues the district court erred by allowing speculative testimony by Kuntz that the pencil could be used to stab, the modifications made the pencil more rigid, the paper was formed and wetted, and the pencil could be used to damage property.

[¶ 6] "The determination of whether to allow opinion testimony from a lay or expert witness is within the sound discretion of the district court and will not be reversed absent an abuse of discretion." *State v. Evans*, 2013 ND 195, ¶ 16, 838 N.W.2d 605. The district court abuses its discretion if "it acts in an arbitrary, unreasonable, or unconscionable manner, if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *Id.* (quoting *State v. Moos*, 2008 ND 228, ¶ 30, 758 N.W.2d 674).

[¶ 7] Kuntz's testimony challenged by Crissler is the opinion of a lay witness governed by N.D.R.Ev. 701. Rule 701 of the North Dakota Rules of Evidence provides:

If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception; and

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue.

Lay witness testimony may not be based on scientific, technical, or other specialized knowledge. *Evans*, 2013 ND 195, ¶ 17, 838 N.W.2d 605.

[¶ 8] In *Evans*, an officer testified about his experience with the mechanisms necessary for towing a boat trailer, as it related to a charge of negligent homicide in a vehicle accident. 2013 ND 195, ¶ 19, 838 N.W.2d 605. The defendant argued the district court erred in allowing the officer to testify as a lay witness about different elements of a trailer hitch and what could result from braking when elements are not properly attached. *Id.* at ¶ 15. The district court allowed the officer to testify about the general nature of what happens if a person brakes or slows down with a trailer. *Id.* at ¶ 19. This Court concluded the officer had training in accident reconstruction, but this specific testimony did not refer to scientific, technical, or specialized knowledge. *Id.* at ¶ 21. Accordingly, this Court determined the officer's personal knowledge, experience, and observations of the trailer were properly admitted as lay testimony under N.D.R.Ev. 701. *Id.* at ¶ 23.

[¶ 9] Kuntz's testimony was admissible under Rule 701. Although Crissler did not challenge Kuntz's testimony as expert testimony, Crissler argued the testimony was speculative. At oral argument, Crissler's counsel argued Kuntz should have testified about his observations of the pencil in terms of his training and experience. However, each of the challenged statements was testimony of Kuntz's perception: the pencil as modified could be used to stab, the modifications made the pencil more rigid, the paper was formed and wetted, and the pencil could be used to damage property. These statements were helpful

to the jury in determining whether or not the pencil was a weapon. Like in *Evans*, Kuntz's testimony was based on his personal knowledge and observations of the pencil itself, and was not based on scientific, technical, or specialized knowledge. Each of Kuntz's statements regarding his perception of the pencil were subject to challenge through cross-examination. Additionally, Crissler could have requested a jury instruction on lay opinions. Therefore, the district court did not abuse its discretion in admitting Kuntz's lay testimony about the pencil.

### III

[¶ 10] Crissler's challenge to the sufficiency of the evidence is related to whether Crissler intended to use the pencil "for an assault on another person or to damage property." N.D.C.C. § 12–44.1–21(5). The standard of review is well established when a defendant challenges the sufficiency of the evidence to support a jury verdict:

> In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction. A conviction rests upon insufficient evidence only when no rational fact finder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor.

*State v. Knowels*, 2003 ND 180, ¶ 6, 671 N.W.2d 816 (quotation marks omitted) (citations omitted). "A conviction may be justified on circumstantial evidence alone if the circumstantial evidence has such probative force as to enable the trier of fact to find the defendant guilty beyond a reasonable doubt." *State v. Noorlun*, 2005 ND 189, ¶ 20, 705 N.W.2d 819 (citing *State v. Steinbach*, 1998 ND 18, ¶ 16, 575 N.W.2d 193). "A verdict based on circumstantial evidence carries the same presumption of correctness as other verdicts." *Noorlun*, 2005 ND 189, ¶ 20, 705 N.W.2d 819 (citing *Steinbach*, 1998 ND 18, ¶ 16, 575 N.W.2d 193). "[A] jury may find a defendant guilty even though evidence exists which, if believed, could lead to a not guilty verdict." *Noorlun*, at ¶ 20 (citing *State v. Wilson*, 2004 ND 51, ¶ 9, 676 N.W.2d 98).

*State v. Rourke*, 2017 ND 102, ¶ 6, 893 N.W.2d 176.

[¶ 11] Crissler did not object to the jury instruction regarding proof of intent. That instruction correctly stated that intent may be proven by circumstantial evidence and noted that intent can rarely be established by other means. *State v. Sabo*, 2007 ND 193, ¶ 20, 742 N.W.2d 812. A verdict based on circumstantial evidence carries the same weight as other verdicts. *Id.* (citing *State v. Stensaker*, 2007 ND 6, ¶ 21, 725 N.W.2d 883). In the instant case, the pencil was concealed in Crissler's mattress, the pencil was altered in a manner to make it more rigid, and Crissler himself acknowledged that it could be seen as a weapon.

[¶ 12] After reviewing the evidence in the light most favorable to the verdict, we conclude the jury could have reasonably found Crissler possessed an object in a correctional facility intended to be used for an assault on another person or to damage property in violation of N.D.C.C. § 12–44.1–21(5). Crissler's arguments regarding the State's lack of evidence that he intended to use the pencil for an assault on another person or to damage property are unpersuasive.

## IV

[¶ 13] The testimony challenged by Crissler was admissible, and the verdict was supported by sufficient evidence. We affirm the judgment.

[¶ 14] Jon J. Jensen

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers

Gerald W. VandeWalle, C.J.