Jensen, Justice.
*490 [¶ 1] Ronald Beltran appeals from a judgment entered following a jury verdict finding him guilty of driving under the influence and driving under suspension. Beltran argues the evidence presented at trial was not sufficient to convict him of driving under the influence. Beltran also argues the district court abused its discretion by not allowing the introduction of medical records and denying his request to stipulate to his license status. We affirm.
I
[¶ 2] Mountrail County Deputy Michael Munger received a citizen complaint regarding Beltran's vehicle. Deputy Munger subsequently observed Beltran drive to and stop in the parking lot of a gas station. Deputy Munger approached Beltran's parked vehicle and initiated a conversation with Beltran. During the conversation, Deputy Munger detected an odor of alcohol coming from Beltran. Beltran subsequently showed signs of impairment while performing field sobriety tests. Deputy Munger received information from the dispatcher which indicated Beltran's driver's license was suspended or revoked. Beltran was placed under arrest. Deputy Munger testified he had not memorized the exact words of the North Dakota implied consent advisory, but he read to Beltran the most up-to-date advisory from a form and Beltran refused to take a chemical breath test.
[¶ 3] The State charged Beltran with a class C felony for driving under the influence as a fourth offense within fifteen years, alleging he drove a vehicle on a roadway while under the influence or, alternatively, he drove a vehicle on a roadway and refused to submit to a chemical test of his blood, breath, or urine. The State also charged Beltran with driving while his license was suspended or revoked.
[¶ 4] The district court instructed the jury it could find Beltran guilty of driving under the influence if it found Beltran was driving while under the influence of intoxicating liquor or, alternatively, if it found Beltran refused to submit to a chemical test for intoxication. A general verdict form for the charge of driving under the influence asked the jury to decide whether Beltran was not guilty or guilty without specifying whether he was driving under the influence or refused to submit to a chemical test. A jury found Beltran guilty of driving under the influence as a fourth or greater offense within fifteen years and guilty of driving while his license was suspended or revoked.
II
[¶ 5] Beltran argues there was insufficient evidence to convict him of driving under the influence. Beltran's argument relies on the assertions Deputy Munger could not remember the exact language of the advisory he read to Beltran, and the State failed to establish whether Beltran refused a blood, urine, or breath test. Beltran then contends that because an individual may not be convicted for refusing a warrantless blood or urine test incident to an arrest, and it is impossible to determine what type of chemical test Beltran refused to perform, he cannot be convicted of refusing to take the chemical test. See Birchfield v. North Dakota , --- U.S. ----, 136 S.Ct. 2160, 2184-85, 195 L.Ed.2d 560 (2016) ; State v. Helm , 2017 ND 207, ¶¶ 9, 16, 901 N.W.2d 57 ; State v. Webster , 2017 ND 75, ¶¶ 5-9, 891 N.W.2d 769. Beltran concludes there was insufficient evidence to convict him of the crime of driving under the influence because the general *491 verdict combined refusal and driving under the influence, leaving it impossible to tell the ground for his conviction and leaving open the possibility he was improperly convicted of refusing a warrantless blood or urine test. See Webster , at ¶¶ 5-9 (reversing a conviction for driving under the influence where the general verdict form combined refusal of a warrantless blood test with driving while under the influence). Within his argument that there was insufficient evidence to support the verdict, Beltran also argues the district court obviously erred by including a jury instruction on the crime of refusal to submit to a chemical test.
[¶ 6] "In reviewing the sufficiency of the evidence to convict, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to see if there is substantial evidence to warrant a conviction." State v. Crissler , 2017 ND 249, ¶ 10, 902 N.W.2d 925 (quoting State v. Knowels , 2003 ND 180, ¶ 6, 671 N.W.2d 816 ). "In reviewing sufficiency of the evidence challenges, we review the record to determine whether there is sufficient evidence that could allow a jury to draw a reasonable inference in favor of the conviction." State v. Truelove , 2017 ND 283, ¶ 7, 904 N.W.2d 342. "The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict." Id. Additionally, "[t]o establish obvious error, a defendant must show: (1) error; (2) that is plain; and (3) affects substantial rights." Webster , 2017 ND 75, ¶ 8, 891 N.W.2d 769 (citations omitted).
[¶ 7] Beltran's assertion the State failed to establish what type of chemical test was requested by Deputy Munger and subsequently refused by Beltran is not correct. Deputy Munger unequivocally testified Beltran refused a request to submit to an Intoxilyzer breath test:
A. [Deputy Munger] The test would have been the intoxilyzer which is a breath alcohol test that's conducted in the jail at Mountrail County Correctional Center downstairs.
Q. [State's Attorney] And you are a person who is able to do that test?
A. [Deputy Munger] No. Actually, I have not been certified. It's like a few days' certification course, so I would have had a certified test administrator conduct the test.
Q. [State's Attorney] Okay. So did you-what was Mr. Beltran's response when you asked him if he would take that test?
A. [Deputy Munger] He declined any further testing.
There is no evidence in the record that there was a request for a warrantless blood or urine test. The jury instructions on the elements of driving under the influence used language for refusing a chemical test of Beltran's breath and do not include any language for refusing a blood or urine test.
[¶ 8] Beltran's argument, whether considered under the sufficiency of the evidence or obvious error standard, relies on the possibility that Beltran was requested to take a blood or urine test and not a breath test. Beltran did not argue the request for a breath test was improper. Because the evidence establishes Deputy Munger requested Beltran submit to a breath test rather than a blood or a urine test, Beltran was subject to prosecution for refusal to submit to a chemical test. See Birchfield , 136 S.Ct. at 2186 (holding defendant may be prosecuted for refusing warrantless breath test incident to arrest for drunk driving). Having reviewed the record, there is sufficient evidence to support the verdict.
*492 [¶ 9] During oral argument, both parties were questioned about whether N.D.C.C. § 39-08-01(1)(b) and (e) create separate crimes or are simply alternative methods of proving the same crime. Driving under the influence of alcohol is defined under N.D.C.C. § 39-08-01(1)(b) and refusal to take a blood test is defined under N.D.C.C. § 39-08-01(1)(e). The issue was not raised on appeal by Beltran. We have previously declined to determine whether the separate subsections of N.D.C.C. § 39-08-01(1) are separate offenses or alternatives of the single offense of driving under the influence because the issue had not properly been raised. See State v. Vetsch, 368 N.W.2d 547, 552 n.5 (N.D. 1985). We again decline to resolve any issue regarding whether or not the separate subsections of N.D.C.C. § 39-08-01(1) are separate offenses or alternatives of the single offense of driving under the influence because it was not raised in the district court and has not properly been raised on appeal.
III
[¶ 10] At trial, Beltran testified about his existing medical conditions. Beltran contends his testimony was intended to explain why Deputy Munger's observation of indicia of intoxication were incorrect. During cross-examination of Beltran, the State challenged Beltran's assertion his medical conditions were responsible for his behavior at the time of his arrest by noting the absence of any medical records supporting Beltran's testimony.
[¶ 11] During the redirect examination of Beltran, Beltran's counsel attempted to have Beltran identify what were represented to be medical records. The State objected to admission of the medical records on the grounds they were hearsay before Beltran had an opportunity to lay a proper foundation for the documents and before the medical records were offered as evidence. The district court sustained the objection. Beltran did not provide an offer of proof, and the medical records are not part of the record. Beltran argues the district court abused its discretion in not allowing him to introduce his medical records as evidence.
[¶ 12] A ruling to exclude evidence requires a party to inform the district court of the substance of the offered evidence by an offer of proof, unless the substance was apparent from the record. N.D.R.Ev. 103(a)(2). This Court has previously recognized the following with regard to an offer of proof:
The party challenging the exclusion of evidence must offer proof demonstrating prejudice from the restriction. Perius v. Nodak Mut. Ins. Co. , 2012 ND 54, ¶ 6, 813 N.W.2d 580. These showings create the required record for appellate review. Gorsuch v. Gorsuch , 392 N.W.2d 392, 394 (N.D. 1986). This Court is unable to review the issue absent such an offer of proof. Id .
Matter of Rubey , 2013 ND 190, ¶ 7, 838 N.W.2d 446.
[¶ 13] The State objected to the medical records, asserting the records were inadmissible hearsay evidence. Beltran's response to the objection was the medical records were not being offered for the truth of the matter asserted without explaining the alternative purpose for which the records were being offered. Beltran thereafter did not provide an offer of proof to inform the district court of the substance of the offered evidence as required by N.D.R.Ev. 103(a)(2). In the absence of an offer of proof to preserve the issue for appeal, the record is inadequate for our appellate review and we affirm the district court's exclusion of the medical records.
*493 IV
[¶ 14] After selection of the jury and before the parties' opening statements, Beltran proposed to stipulate to his license status at the time of his arrest and requested the district court exclude from presentation to the jury a copy of his driving abstract. The State did not indicate agreement or disagreement with Beltran's proposal and request. The district court indicated that driving under suspension was a strict liability crime, and if Beltran stipulated to having been driving while his license was suspended, it would be the equivalent of a plea of guilty. The following summarizes the parties' exchange with the district court regarding the proposed stipulation:
MR. BAUMANN [Beltran's Counsel]: Well, there might be-you know, I-I would submit, Your Honor, that perhaps we might have some arguments as relation-in relationship to whether or not he knew that he was under suspension.
THE COURT: I don't think that matters. It's a strict liability offense. There's no culpability involved.
MR. BAUMANN: Okay.
THE COURT: You don't have to knowingly drive under suspension. It's just you drive-I believe. Isn't that correct, Mr. Enget?
MR. ENGET [State's Attorney]: That's correct, Your Honor.
THE COURT: There's no culpability here. It's just, were you suspended or not. It's a yes/no question.
The district court provided Beltran with the option to change his plea on the driving while under suspension charge to guilty. Beltran declined to change his plea, and there was no further discussion regarding Beltran's proposal to stipulate to his driving status or his request to exclude his driving abstract from evidence.
[¶ 15] Beltran testified during the trial he was not aware his license was suspended on the day he was arrested. He explained he believed his employer checked his driving record and he thought his employer would have notified him of any suspension.
[¶ 16] This Court will not overturn a district court's admission or exclusion of evidence unless the district court has abused its discretion. State v. Noorlun , 2005 ND 189, ¶ 16, 705 N.W.2d 819. A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law. Kettle Butte Trucking LLC v. Kelly , 2018 ND 110, ¶ 12, 910 N.W.2d 882.
[¶ 17] Beltran contends the district court abused its discretion by denying his proposal to stipulate to his driving status because the district court misapplied the law in determining the stipulation was the equivalent of a guilty plea. Beltran cites our case law recognizing notice of a suspension of driving privileges is a factual question. See State v. Egan , 1999 ND 59, ¶ 9, 591 N.W.2d 150 ("[A] defendant is entitled to present evidence showing nonreceipt of notice of opportunity for a hearing to rebut the presumption 'a letter duly directed and mailed was received in the regular course of the mail' under N.D.C.C. § 31-11-03(24).") (citing State v. Tininenko , 371 N.W.2d 762, 764-65 (N.D. 1985) (holding sufficient evidence supported trial court's factual decision defendant's evidence failed to rebut statutory presumption of delivery of notice); State v. Obrigewitch , 356 N.W.2d 105, 108-09 (N.D. 1984) (holding sufficient evidence supported trial court's factual decision defendant knew his license was suspended and temporary operator's permit had expired); State v. Moore , 341 N.W.2d 373, 375 (N.D. 1983) (holding sufficient evidence supported *494 conviction where defendant had actual notice his license was revoked); State v. Knittel , 308 N.W.2d 379, 384 (N.D. 1981) (whether the defendant received notice of opportunity for a hearing involved a factual element of the offense of driving under suspension) ). On appeal, Beltran asserts the district court's denial of his request to stipulate to his license status prevented him from "focus[ing] on affirmative defenses and to the factual issue of a lack of notice."
[¶ 18] Although the district court may not have recognized Beltran's contention that notice can be a factual question in a driving under suspension prosecution, the district court did not abuse its discretion in denying Beltran's request to stipulate to his license status at the time of his arrest and the reciprocal exclusion of his driving abstract from presentation to the jury. Beltran was not automatically entitled to the exclusion of the driving abstract because of his offer to stipulate to his driving status at the time of his arrest. This Court has recognized "the general rule that the prosecution is not bound by a defendant's offer to stipulate." State v. Saul , 434 N.W.2d 572, 575 (N.D. 1989) (citing United States v. Peltier , 585 F.2d 314, 324 (8th Cir. 1978) ). There is no evidence in the record the State agreed to Beltran's request to exclude his driving abstract from the record in exchange for a stipulation to his license status at the time of his arrest. Additionally, Beltran was not precluded from providing testimony regarding whether or not he was aware of his license status at the time of his arrest. Beltran also failed to assert the driving abstract was unfairly prejudicial and should have been excluded from evidence pursuant to the restriction against the admission of unfairly prejudicial evidence under N.D.R.Ev. 403(a). In the absence of an agreement by the State to exclude the driving abstract in exchange for Beltran's stipulation to his license status at the time of his arrest, Beltran not having been precluded from providing evidence on the issue of notice, and the absence of an assertion that the driving abstract was unfairly prejudicial, the district court did not abuse its discretion in denying Beltran's request to stipulate to his driving status and exclude the driving abstract from evidence.
[¶ 19] On appeal, Beltran has not raised a challenge to the jury instructions with regard to the driving under suspension or the factual determination of notice of the suspension; he has limited his argument to the district court's denial of his proposed stipulation. Issues not adequately briefed or argued are deemed abandoned on appeal. Roberts v. N.D. Dep't of Transp. , 2015 ND 137, ¶ 14, 863 N.W.2d 529.
V
[¶ 20] Sufficient evidence was presented to the jury to support Beltran's conviction, Beltran failed to preserve a challenge to the exclusion of medical records, and the district court did not abuse its discretion in denying Beltran's request to stipulate to his license status and reciprocal exclusion of his driving abstract. We affirm the judgment.
[¶ 21] Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte
Gerald W. VandeWalle, C.J.